508 A.2d 1218

**Patsy R. WERTZ**

v.

**B. Rodney ANDERSON, Appellant.**

Superior Court of Pennsylvania.

Argued March 11, 1986.

Filed May 2, 1986.

---

574

Arthur L. Jenkins, Jr., Norristown, for appellant.

J. Kitridge Fegley, Reading, for appellee.

Before WICKERSHAM, WIEAND and POPOVICH, JJ.

WICKERSHAM, Judge:

B. Rodney Anderson appeals from the decree of the Court of Common Pleas of Berks County denying his post-trial motions and affirming an earlier decree of support entered against him.

Appellant and Patsy R. Wertz, appellee, were at one time husband and wife. The marriage produced three children: Michael, born April 30, 1959, Gregory, born August 23, 1960, and Catherine, born April 14, 1962. Eventually the parties separated and on March 18, 1977, while both parties were represented by counsel, they entered into a comprehensive written postnuptial agreement. Covered under the terms of the agreement were provisions giving appellee custody of the three children and requiring appellant to pay certain set amounts per week to appellee for the support of the children until they turned twenty-one years of age or became self-supporting, whichever occurred first. Another provision of the agreement required appellant to pay, in

addition, the costs (within specified limits) of the children's college educations, should they go to college.

On August 1, 1977, the parties were divorced. The agreement neither merged with nor was incorporated into the divorce decree. Pursuant to the terms of the agreement, from March 30, 1977 through September 30, 1980, appellant paid directly to appellee support installments totaling $38,350.00. At that point, appellant stopped making the support payments directly to appellee. However, he did make certain payments to the children themselves or to individuals and schools on their behalf. On June 4, 1981, appellee filed a complaint in equity to enforce the child support provisions of the agreement. By the time of trial, all the children had turned twenty-one, and thus all payments that were to have been made to appellee under the agreement were past due. Therefore, appellee revised her request from one for specific performance to one for payment of the $12,762.05 due under the agreement, plus $864.00 for reimbursement of medical costs for Catherine.

After the parties filed a stipulation of facts, the lower court, on December 12, 1984, issued an adjudication and decree nisi directing appellant to pay to appellee the above sums due under the agreement. Appellant's post-trial motions were denied on July 3, 1985, and this appeal timely followed. The sole issue on appeal is:

> In an equity [action,] should the defendant be ordered to pay monies to his former wife when he has already paid more than the sums due to or for the benefit of his children with no objections tendered by the wife-plaintiff?

Brief for Appellant at 3.

■ Before we can consider this question, however, it is incumbent upon our court to determine whether this appeal is properly before us. *Huber v. Huber*, 323 Pa.Super. 530, 470 A.2d 1385 (1984). Although not questioned by any party to the proceeding, our court may address issues of appealability and jurisdiction *sua sponte*. *M. London, Inc. v. Fedders Corp.*, 306 Pa.Super. 103, 452 A.2d 236 (1982).

Appellant has characterized this action as having been submitted to the trial court on a "case stated" basis. Brief for Appellant at 4. The appellee and the trial court, however, have referred to the matter as having been submitted to the court on a "stipulation of the facts." The statement of facts to which the parties stipulated was captioned in the original record as a "stipulation." The stipulation stated that "the within case shall be submitted to the Court for adjudication upon the following facts...." R.R. at 28a. Two days later, the court issued an order stating, *inter alia,* "the within case having been scheduled for trial and counsel having submitted the case to the Court for disposition on stipulation of counsel...." R.R. at 1a.

■ Whether the case proceeded as a case stated or as one upon stipulated facts is of major importance, because the rights of the parties to appeal vary depending into which category the case fell. "[T]he judgment of the court on a case stated is final unless the agreement to the case expressly reserves the right to an appeal." *County of Allegheny v. Allegheny County Prison Employees' Independent Union,* 53 Pa.Commw. 350, 353–54, 417 A.2d 864, 866 (1980). Since there is nothing in the instant stipulation that expressly reserves the right to appeal, we would have to quash this appeal. *Clearfield Bank & Trust Company v. American Manufacturers Mutual Insurance Company,* 344 Pa.Super. 588, 497 A.2d 247 (1985). If this was not a case stated, however, then appellant could appeal, assuming he timely filed for post-trial relief. *Id.; County of Allegheny, supra.* Since appellant filed a timely post-trial motion in the instant case, his appeal would be properly before us. *County of Allegheny, supra.*

■ Therefore, we must decide whether this was a case stated or a case tried upon stipulated facts.

A case stated is distinguished from a case tried by the court without jury upon stipulated facts, because on a case stated the parties submit an agreed statement of

facts for the *judgment* of the court, whereas upon a trial without jury upon stipulated facts the case is submitted for the *decision* of the court.

*Clearfield Bank & Trust Company, supra,* 344 Pa.Superior Ct. at 591, 497 A.2d at 248. In other words, in a trial without jury upon a stipulation of facts, the parties submit an agreed statement of facts. The court then renders a *decision,* which is subject to exceptions and review by the court before any judgment is entered. *County of Allegheny, supra.* On the other hand, in a case stated, the parties submit an agreed statement of facts and request entry of *judgment* by the court upon the facts stated. The judgment thus entered is final, and no exceptions are necessary prior to the taking of an appeal, if the parties reserved the right to appeal in their agreed statement. *Id. See generally, Wedgewood Associates v. Caln Township,* 54 Pa. Commw. 557, 422 A.2d 1190 (1980). One of the indispensable elements of a case stated is that all parties in interest agree to the entry of judgment by the court upon the facts stated. *Frankel v. Reliance Mutual Life Insurance Company of Illinois,* 199 Pa.Super. 295, 184 A.2d 305 (1962).

■ Although, as in the above four cases, we are dealing with a hybrid proceeding which has some of the characteristics of a case stated, we must conclude that the appeal before us is not from a case stated, but rather is from a trial without jury upon a stipulation of facts. The record reveals no request by the parties for the entry of judgment by the court upon the stipulation of facts. Here, the parties did not ask the court to render *judgment,* but simply concluded that the case "shall be submitted to the Court for adjudication upon the following facts." Thus, the lower court was compelled to enter an adjudication. The lower court's decision was, in fact, in the form of an adjudication and decree nisi, to which appellant correctly filed post-trial motions. Therefore, we find that this appeal, despite appellant's misguided characterization of the proceeding below, is properly before us.

Turning to the merits of appellant's support issue, appellant argues that since he paid monies directly to the children and to third parties for the benefit of the children, he has equitably complied with and has discharged his support obligations under the parties' agreement. He contends that it is unconscionable to require him to pay twice pursuant to the agreement.

On the other hand, appellee contends that the payments which appellant made to the children and to third parties did not satisfy the terms of the agreement, which required him to pay child support directly to her. She also maintains that some of these "other" payments were made in compliance with appellant's obligation to pay for the children's college educations, as required by the agreement, while other payments were gifts and repayments of loans. In other words, before, during, and after the time appellant made child support payments directly to her in accordance with the agreement, he was making the same payments for which he now seeks credit.

While at first blush, it seems unfair to require appellant to pay the amount still owed under the agreement when he has, in fact, made payments to others exceeding the amount owed, upon closer examination, we must agree with the lower court that appellant's decision to "unilaterally disregard the terms of the [a]greement and to pay out monies to or on behalf of the children for such purposes and in such manner he alone chose does not relieve him of his responsibility under the [a]greement." Lower ct. op. at 5.

█ The facts clearly establish that prior to their divorce, the parties entered into a valid separation agreement which covered their entire economic relationship. Both parties were represented by counsel, and neither party suggests that the agreement was one-sided or inadequate. The agreement expressly provided that it would continue in full force and effect regardless of whether or not the parties eventually divorced. In the absence of an uncounseled, one-sided bargain, and where no one argues that the

amount of support is inadequate to support the children, the intention of the parties as mutually expressed in the separation agreement must be enforced. *Brown v. Hall,* 495 Pa. 635, 435 A.2d 859 (1981). As the *Brown* court stated:

> A holding to the contrary would serve to illegitimize future separation agreements and encourage a party to promise anything to obtain a divorce, knowing he will never be bound by it, even when the promise is in writing and for valid consideration. Needless to say, such a holding would also serve to shake the very foundations of contract law and the sanctity of a bargain made between two parties dealing at arm's length.

*Id.,* 495 Pa. at 643–44, 435 A.2d at 863. *See also Trumpp v. Trumpp,* 351 Pa.Super. 205, 505 A.2d 601 (1985); *Millstein v. Millstein,* 311 Pa.Super. 495, 457 A.2d 1291 (1983). A property settlement agreement between husband and wife will be enforced by the courts in accordance with the same rules of law applying to determining the validity of contracts generally. *Hollman v. Hollman,* 347 Pa.Super. 289, 500 A.2d 837 (1985); *De Witt v. Kaiser,* 335 Pa.Super. 258, 484 A.2d 121 (1984); *Kleintop v. Kleintop,* 291 Pa.Super. 491, 436 A.2d 223 (1981).[1]

Since the agreement clearly provided that the child support payments in issue herein were to be made directly to appellee, we can assume that the parties intended for the money to be applied to the children's support in the manner which appellee saw fit. Further, it is agreed in the stipulation that the monies appellant paid directly to appellee under the agreement were used to support the children. Our court *en banc,* in considering whether a paying spouse

---

[1.] It is well-settled that a parent cannot bargain away a child's right to adequate support. *See, e.g., Abarbanel v. Weber,* 340 Pa.Super. 473, 490 A.2d 877 (1985); *Oman v. Oman,* 333 Pa.Super. 356, 482 A.2d 606 (1984). Therefore, a separation agreement will be enforced by the court subject to the fact that the court may, upon petition for a support order, enter an award for a higher amount if it determines that the amount in the agreement is inadequate. *See, e.g., Commonwealth ex rel. Shoemaker v. Coulson,* 335 Pa.Super. 626, 485 A.2d 70 (1984); *Millstein v. Millstein,* 311 Pa.Super. 495, 457 A.2d 1291 (1983).

was entitled to credit under a support order for payments made directly to or on behalf of his son, held that these voluntary expenditures would not be considered as a substitute for payments to the custodial parent for the son's basic support.

> We cannot consider the expenditures that the appellee volunteers for his son as a substitute for a support order. The mother, as the custodial parent, has the responsibility of maintaining a home and providing the necessities of life for the son. She is entitled to the certainty that a reasonable contribution will be made toward that expense and must be in a position to control the expenditures for the necessities of the young man's existence. Gifts to the son beyond that standard are, of course, welcomed by the son and may contribute to his happiness and well-being; but they cannot be made a substitute for a fair contribution to the custodial parent for basic support.

*Shapera v. Levitt,* 260 Pa.Super. 447, 452–53, 394 A.2d 1011, 1014 (1978). The same reasoning should apply when the payments are by a valid agreement, as compared to a court order.

■ Therefore, we conclude, as did the lower court, that the 1977 agreement entered into by the parties with advice of counsel and with the intention that it be binding on the parties as to all matters of property settlement, custody, and amount and method of support payments for the children, is enforceable. While appellant's later payments directly to or for the benefit of the children are certainly commendable, they are not a substitute for the payments due under the agreement, and he cannot claim credit for those payments against the amount owed. Thus, we find neither error of law nor abuse of discretion in the lower court's determination that appellee was entitled to a judgment against appellant for $13,626.05, the sum due under the contract.

Decree affirmed.