561 A.2d 328

**Albert M. McCORMICK, Jr., and Brian J. McCormick, and Stephen S. McCormick, a minor by his parent and natural guardian, Mary J. McCormick, Appellants,**

v.

**NORTHEASTERN BANK OF PENNSYLVANIA, Appellee.**

Supreme Court of Pennsylvania.

Submitted Dec. 6, 1988.

Decided July 5, 1989.

252

Glenn M. Goodge, Bethlehem, for appellants.
Charles P. Eyer, Stroudsburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY,
McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

OPINION OF THE COURT

LARSEN, Justice.*

The issue raised by this appeal is whether Superior Court
erred in quashing an appeal as untimely, where appellants
filed their appeal to Superior Court some eight months after
a trial court entered its decision dismissing their action
following trial on stipulated facts, but within thirty days
from the date on which the trial court dismissed appellants'
timely filed post-trial motions.

On April 21, 1980, appellants, Albert M. McCormick, Jr.,
Brian J. McCormick, and Stephen S. McCormick, a minor,
filed an action in trespass against appellee, Northeastern
Bank of Pennsylvania, alleging the wrongful garnishment
of certain bank accounts belonging to appellants to pay
certain judgment debts of appellants' parents. On May 30,
1984, the Court of Common Pleas of Monroe County issued
an order stating that, by agreement of the parties, the case
would be tried on the basis of stipulated facts, interrogato-
ries, and depositions, and that "after oral argument the
Court will decide the case on legal issues." Order of the
Court at 1 (May 30, 1984). The stipulation of facts was
filed on February 26, 1985.

On February 12, 1986, after hearing argument in the case
and considering the stipulation of facts, the interrogatories,
and the depositions, the trial court entered an opinion and
order dismissing appellants' action. Appellants timely filed
a motion for post-trial relief on February 24, 1986, request-
ing that the trial court reconsider its decision. The trial
court entered an order dismissing appellants' motion for
post-trial relief on September 22, 1986. Appellants filed a
notice of appeal from this order to Superior Court on
October 17, 1986. Initially, Superior Court quashed appel-
lants' appeal on the ground that it was an "appeal from the

* This case was reassigned to this writer on May 19, 1989.

lower court's order granting appellee's preliminary objections and dismissing appellant's complaint." Memorandum Opinion of the Court at 1 (July 21, 1987). Superior Court sua sponte granted reconsideration and again quashed appellants' appeal on the ground that the February 12 order dismissing appellants' action was a final order from which an appeal should have been filed within thirty days. As the appeal was not filed until the trial court dismissed appellants' motion for post-trial relief, some eight months after the order dismissing appellants' action, Superior Court ruled that the appeal was untimely. 372 Pa.Super. 645, 534 A.2d 1123 (1987). We granted appellants' petition for allowance of appeal, and we now reverse.

It has long been the law of this Commonwealth that an appeal does *not* lie from a decision of a trial court following the submission of a case on stipulated facts. *See, Erie Insurance Exchange v. Transamerica Insurance Co.,* 516 Pa. 574, 533 A.2d 1363 (1987); *Frankel v. Reliance Mutual Life Insurance Co.,* 199 Pa.Super. 295, 184 A.2d 305 (1962). The decision of the trial court under these circumstances is considered to be similar to a verdict in a jury trial from which the aggrieved party must file a motion for post-trial relief pursuant to Pa.R.Civ.P. Rule 227.1, in order to preserve disputed issues for appellate review. Those issues not raised in a motion for post-trial relief following a trial on an agreed stipulation of facts are deemed waived. *See, e.g., Estate of Rose,* 465 Pa. 53, 348 A.2d 113 (1975). It is the order of the trial court disposing of a motion for post-trial relief that has been reduced to judgment which comprises the final order in the case from which an appeal must be filed within thirty days.[1]

1. Although we note that the decision of the trial court dismissing appellants' motion for post-trial relief was not reduced to judgment by praecipe of either party as required by Pa.R.App.P. Rule 301, in the interests of judicial economy, we shall "regard as done that which ought to have been done." *See Commonwealth v. Allen,* 278 Pa.Super. 501, 505 n. 3, 420 A.2d 653, 654 n. 3 (1980) (court recognized that case could be remanded for parties to perfect the record or quashed without prejudice to the filing of a subsequent appeal once the trial court order had been reduced to judgment).

Accordingly, we reverse the decision of Superior Court quashing appellants' appeal, and we remand to Superior Court to consider the merits of appellants' appeal.

PAPADAKOS, J., concurs in the result.