621 A.2d 1033

Beverly Anne MILLER

v.

Eleanor KRAMER and the Estate of William
Randall Sherwood by its Executrix
Eleanor Kramer, Appellant.

Superior Court of Pennsylvania.

Submitted Dec. 2, 1992.

Filed March 16, 1993.

Francis J. Catania, Media, for appellant.

Garland D. Cherry, Sr., Media, for appellee.

Before McEWEN, CIRILLO and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from a final order denying appellants, Eleanor Kraemer and the Estate of William Sherwood, any right, title or interest in the property located at 10 Weathervane Road, Aston, Pennsylvania and granting appellee, Beverly Miller, all title, rights and interest in said property as the surviving joint tenant. Appellants present the following question for our review: is a joint tenant's conveyance of his interest in realty by deed to a fiduciary, an act of sufficient manifestation to sever the tenancy? Appellants' Brief at 3. For the following reasons, we quash this appeal.

The relevant facts are as follows. Approximately two weeks after the death of his first wife, William Sherwood executed a deed conveying title to 10 Weathervane Road to himself and his daughter, Beverly Miller (appellee), as joint tenants with right of survivorship. On May 12, 1989, in an effort to sever the joint tenancy, Sherwood and his attorney (hereinafter

"Keller") entered into an agreement (hereinafter the "Straw Party Agreement") whereby Sherwood delivered a quitclaim deed to Keller who immediately conveyed the property back to Sherwood. Pursuant to the Straw Party Agreement, the deed did not convey to Keller any right, title or interest in the property.

On February 18, 1989, Sherwood died testate, leaving his entire estate, including both real and personal property to his wife, Eleanor Kraemer. On August 18, 1989, appellee brought an action for declaratory judgment requesting the court to determine whether Sherwood's conveyance to his attorney severed the joint tenancy. Appellants were served notice of the action and, subsequently, timely filed their answer. On July 1, 1990, the parties stipulated and agreed to all relevant facts. On March 20, 1992, the trial court entered a decree nisi declaring that appellants had no interest in the property and all rights in the property were vested in appellee as the surviving joint tenant. No post-trial motions were filed and on April 30, 1992, appellee filed a praecipe to enter the decree nisi as a final judgment. Appellants' notice of appeal to the Superior Court was filed on May 22, 1992.

Because appellants' have failed to timely file post-trial motions to the trial court's decree nisi, this appeal must be quashed. Pa.R.Civ.P. 227.1(c)(2) provides:

(c) Post-trial motions shall be filed within ten days after

. . . . .

(2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without jury or equity trial.
*Id.*

It is well-settled that where there is a trial without jury upon stipulated facts submitted for the *decision* of the court, a party must file post-trial motions pursuant to Rule 227.1(c) to preserve any right of appeal. *See McCormick v. Northeastern Bank,* 522 Pa. 251, 254, 561 A.2d 328, 330 (1989) ("The decision of the trial court [following the submission of a case on stipulated facts] is considered to be similar to a verdict in a jury trial from which the aggrieved party must file a

motion for post-trial relief pursuant to Pa.R.Civ.P.Rule 227.1, in order to preserve disputed issues for appellate review."). *See also Clearfield Bank v. Am. Mfrs. Mut. Ins. Co.*, 344 Pa.Super. 588, 497 A.2d 247 (1985).

■ However, where the parties submit an agreed statement of facts for the entry of *judgment* by the court, the judgment is considered final and the parties must appeal within thirty days of the judgment without filing post-trial motions. *See Wertz v. Anderson*, 352 Pa.Super. 572, 577, 508 A.2d 1218, 1220 (1986) (where the parties request the court to enter judgment upon a stipulated set of facts, post-trial motions are not proper and an immediate appeal must be taken), *appeal denied*, 514 Pa. 625, 522 A.2d 51 (1987). Accordingly, we must ascertain whether the parties' stipulation of facts was submitted to the trial court for a decision which is subject to exceptions or for entry of final judgment.

■ This court has considered several factors in making such a determination: (1) whether the parties actually intended that the court enter a decision or a judgment, *Clearfield Bank v. Am. Mfrs.*, 344 Pa.Super. 588, 497 A.2d 247; (2) the parties' instructions to the trial court, *Wertz v. Anderson*, 352 Pa.Super. 572, 508 A.2d 1218; and (3) whether the trial court rendered a decision subject to exceptions or entered final judgment, *id.* In the case at bar, the record reveals no request by the parties that the court enter a final judgment. Rather, the parties directed the trial court to *decide* the matter based upon the stipulated facts. Stipulation of Facts, July 1, 1991, at 2 (emphasis added) ("The court will *decide* this matter based upon the above facts and the submitted briefs."). Moreover, the trial court filed a decree nisi [1] rather than a final judgment. Hence, we find that the facts were submitted for the decision of the trial court to which post-trial motions must be filed.

■ Nonetheless, appellants contend that as the judge made no findings of fact, the proceedings in the case at issue

1. A decree nisi is a provisional decree which becomes final on motion of a party unless cause is shown against it.

did not constitute a trial and appellants were not required to file post-trial motions. We disagree.

In its Note to Pa.R.Civ.P. 227.1(c), the General Assembly provides, in pertinent part:

A motion for post-trial relief may not be filed to orders disposing of preliminary objections, motions for judgment on the pleadings or for summary judgment, motions relating to discovery or *other proceedings which do not constitute a trial.*

*Id.* (emphasis added). *See also Coco Bros., Inc. v. Bd. of Pub. Educ. of the School Dist. of Pgh.,* 530 Pa. 309, 311, 608 A.2d 1035, 1036 (1992).

This court has always considered an adjudication based upon a stipulated set of facts to constitute a trial and subject to Rule 227.1(c). *See McCormick v. Northeastern Bank,* 522 Pa. 251, 561 A.2d 328 (1989); *Wertz v. Anderson,* 352 Pa.Super. at 577, 508 A.2d at 1221 ("[T]he appeal before us ... is from a trial without jury upon stipulation of facts."); *Clearfield Bank v. Am. Mfrs.,* 344 Pa.Super. 588, 497 A.2d 247 (1985); *Frankel v. Reliance Mut. Life Ins. Co. of Ill.,* 199 Pa.Super. 295, 184 A.2d 305 (1962).[2] Hence, appellants' argument is without merit.

Since appellants failed to file post-trial motions within ten days of the decree nisi as required under Rule 227.1(c), the order of the trial court is final and we must quash this appeal. *See McCormick v. Northeastern Bank,* 522 Pa. at 254, 561 A.2d at 330 ("Those issues not raised in a motion for post-trial relief following a trial on an agreed stipulation of facts are deemed waived.").

Appeal quashed.

**2.** Black's Dictionary defines a trial as a "judicial examination and determination of issues between parties to action, *whether they be issues of law or of fact,* before a court that has jurisdiction." Black's Law Dictionary 1504 (6th ed. 1990) (emphasis added).