656 A.2d 931

**Amy D. BAUGHMAN**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 10, 1995.

Filed March 9, 1995.

Joe Hudock, Pittsburgh, for appellant.

Michael Louik, Pittsburgh, for appellee.

Before CAVANAUGH, CIRILLO and SAYLOR, JJ.

CIRILLO, Judge.

State Farm Mutual Automobile Insurance Company (State Farm) appeals from an order entered in the Court of Common Pleas of Beaver County, declaring that appellee's underinsurance policy limits under the applicable State Farm policy are $100,000.00. For the following reasons, we quash this appeal.

At trial before the Honorable Robert C. Reed, the parties stipulated to the following facts: On March 4, 1988, appellee, Amy D. Baughman (the "Insured"), sustained personal injuries as a result of a motor vehicle accident. The Insured, with the consent of State Farm—her insurer, settled her personal injury claim with the third-party tortfeasors's liability insurance carrier for $100,000.00, the applicable policy limit. Thereafter, the Insured sought underinsured motorist ("UIM") benefits from State Farm.

A dispute arose as to the amount of UIM coverage available to the Insured under the State Farm policy. State Farm maintained that when the Insured's husband, also a named insured under the State Farm policy, executed an "acknowledgement of coverage selection" in November of 1986, he reduced the uninsured motorist ("UM") and UIM coverages under the Baughmans' policy to $15,000.00/$30,000.00. It was undisputed, however, that the Insured did not sign any such form.

The Insured, therefore, filed a declaratory judgment action against State Farm, seeking a declaration that her UIM benefits were in the amount of $100,000.00/$300,000.00, the same amount as her bodily injury liability coverage. State Farm filed an answer and new matter to the complaint, and the Insured replied. Thereafter, State Farm filed a motion for summary judgment. After briefing and oral arguments, State Farm's motion for summary judgment was denied.

After a bench trial, Judge Reed issued an order and supporting opinion, declaring that the Insured's UIM policy limits under the applicable State Farm policy are $100,000.00. Notice of the order was mailed on May 9, 1994. On May 16th, State Farm filed a motion for post-trial relief. On June 2nd, before the resolution of State Farm's post-trial motions, State Farm filed a notice of appeal. On appeal, State Farm presents three questions for this court's consideration:

1. Whether the trial court erred by entering a declaratory judgment that the Insured was entitled to $100,000.00 in UIM coverage despite the undisputed fact that the Insured's husband had requested, in writing, a reduction of UM and UIM coverages pursuant to 75 Pa.C.S.A. § 1734?

2. Whether the trial court erred in finding that the Insured's husband's reduction of UM and UIM coverage was not binding on the Insured?

3. Whether the declaratory judgment entered by the trial court constitutes a final and appealable order pursuant to Pa.R.A.P. 341, as well as 42 Pa.C.S.A. §§ 742, and 7532.

■ Since the third issue presented concerns the jurisdiction of this court, we will address it first. In essence, both parties contend that because Judge Reed captioned his order as a "Judgment[,]" the order was final for purposes of appeal. We disagree and find that State Farm's filing of post-trial motions precludes this court from reviewing the merits of this appeal.

■ Rule 227.1 of the Pennsylvania Rules of Civil Procedure provides in pertinent part:

(c) Post–Trial motions shall be filed within ten days after

\* \* \* \* \* \*

(2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without a jury or equity trial.

Pa.R.C.P. 227.1(c)(2) (emphasis added). It is well settled that where there is a trial without a jury upon stipulated facts submitted for the decision of the court, a party must file post-trial motions to preserve any right of appeal. *See, e.g., McCormick v. Northeastern Bank,* 522 Pa. 251, 254, 561 A.2d 328, 330 (1989); *Miller v. Kramer,* 424 Pa.Super. 48, 49–51, 621 A.2d 1033, 1034 (1993). Conversely, where the parties submit an agreed statement of facts for the entry of judgment by the court, the judgment is considered final and the parties must appeal within thirty days of the judgment *without filing post-trial motions. See, e.g., Miller,* 424 Pa.Super. at 51–52, 621 A.2d at 1035; *Wertz v. Anderson,* 352 Pa.Super. 572, 577, 508 A.2d 1218, 1220 (1986).

To ascertain whether the parties' stipulation of facts was submitted to the trial court for a decision which is subject to exceptions, Pa.R.C.P. 227.1, or for entry of final judgment, this court has considered several factors:

1. whether the parties actually intended that the court enter a decision or a judgment;

2. the parties' instructions to the trial court, if any; and

3. whether the trial court rendered a decision subject to exceptions (e.g., whether the order contained findings of fact

or conclusions of law), or whether the trial court entered a final judgment.

*Miller*, 424 Pa.Super. at 52, 621 A.2d at 1035.

Here, although Judge Reed's order is captioned as a "Judgment[,]" there is no evidence of record to indicate that the parties instructed Judge Reed to enter a final judgment, or even that the parties intended such a result. Additionally, the fact that the parties stipulated to certain facts is of no consequence, as additional testimony and evidence was necessary for Judge Reed to make his determination. In fact, the parties presented the testimony of the Insured, her husband, and a State Farm agent, along with various exhibits. Because Judge Reed was called upon to make findings of fact and conclusions of law based on this evidence, we find that Judge Reed's order amounted to a decision of the court. *Miller, supra*, 424 Pa.Super. 48, 621 A.2d 1033.

Specifically, based on the testimony, Judge Reed found that the Insured did not authorize her husband to reduce her UIM coverage when the husband reduced his UIM coverage. Judge Reed also found that the Insured did not ratify or assent to a reduction in her UIM coverage at any later date. Based on these findings, Judge Reed concluded that, pursuant to section 1734 of the Motor Vehicle Financial Responsibility Law, the Insured had $100,000.00 in UIM coverage under the State Farm policy. Because of the foregoing, we find that Judge Reed rendered a verdict or decision, not a final judgment. Accordingly, State Farm was correct in filing post-trial motions therefrom. *Miller, supra*, 424 Pa.Super. 48, 621 A.2d 1033. *Cf. Lenhart v. Travelers Ins. Co.*, 408 Pa.Super. 1, 596 A.2d 162 (1991) (holding that post-trial motions are prohibited where the decision of the trial court is based solely on its consideration of the record, and without the introduction of any evidence); *Palladino v. Dunn*, 361 Pa.Super. 99, 521 A.2d 946 (1987) and *Storti v. Minnesota Mut. Life Ins. Co.*, 331 Pa.Super. 26, 479 A.2d 1061 (1984) (both cases excusing party's failure to file post-trial motions where order appealed from contained no findings of fact, no conclusions of law, and no language to suggest that order was anything but a final

order or that parties were required to file exceptions to perfect a right of appeal).

Since we find that Judge Reed rendered a decision after trial, and because State Farm properly filed its post-trial motions within ten days of receiving notice of the decision, we quash the instant appeal so that the trial court may have the first opportunity to correct any errors that it may have made in its adjudication.

Appeal quashed.