679 A.2d 1313

**Christopher RYAN and Sean Drea**

v.

**Robert GORDON, Appellant.**

Superior Court of Pennsylvania.

Argued May 2, 1996.

Filed July 26, 1996.

460

_____

Robert K. Gordon, Pro Se, appellant.

Eric J. Pritchard, Philadelphia, for Christopher Ryan, appellee.

Paul J. Downey, Philadelphia, for Sean Drea, appellee.

Before CIRILLO, Presiding Judge Emeritus, DEL SOLE, J. and CERCONE, P.J.E.

CERCONE, President Judge Emeritus:

This is an appeal from the order entered by the Court of Common Pleas of Philadelphia County. We quash the appeal.

This case originated as a dispute over funds allegedly held in an escrow account. Appellees Christopher Ryan and Sean Drea (lessors) purchased property located at 602 North 21st Street, Philadelphia, Pennsylvania. On August 2, 1990, Robert Gordon leased the premises from lessors for nine hundred dollars ($900.00) per month. On January 30, 1991, Prudential Home Mortgage Company, Inc. (Prudential) commenced a mortgage foreclosure action against lessors. On March 27, 1991, counsel for Prudential notified Gordon by letter that lessors had defaulted on the note and mortgage to the property. The notice requested Gordon to forward all future rent payments to Prudential. At that time, Gordon notified lessor Ryan that he would place future rent payments in a separate bank account pending a determination of the rightful payees of the rent. Gordon placed money in a separate account from May 1991 through October or November 1992.

On September 23, 1992, Prudential purchased the property at a foreclosure sale. In September or October 1992, lessors demanded payment of the escrowed funds representing rent owed from May 1991 through September 23, 1992. Gordon moved out of the premises in October or November of 1992 and withdrew the funds contained in the escrow account. Gordon did not forward these funds to lessors. In November 1993, the United States District Court for the Eastern District of Pennsylvania entered an order in Prudential's foreclosure action which directed that lessor Ryan's obligation to Prudential be marked as satisfied, released and discharged. A similar order as to lessor Drea was entered in February 1994.

In March 1994, lessors filed a complaint seeking fifteen thousand, one hundred dollars ($15,100.00), such sum reflecting the rental payments allegedly due them from April 1, 1991 through September 23, 1992, minus Gordon's security deposit of nine hundred dollars ($900). The matter proceeded to arbitration. On November 30, 1994, the arbitrators found in

favor of lessors and against Gordon in the amount of $15,100. Gordon appealed the award of the arbitrators to the court of common pleas. At the request of Settlement Master Howard Chambers, the parties briefed the legal issues to be presented to the trial court. On September 28, 1995, the trial court ordered that judgment be entered in favor of the lessors and against Gordon in the amount of $15,100. Thereafter, Gordon filed the instant appeal.

Gordon raises three issues for our review:

I. THE LOWER COURT'S RELIANCE ON THE APPELLEES' STATEMENTS CONCERNING FACTUAL STIPULATIONS RESULTED IN THE DENIAL OF THE APPELLANT'S DUE PROCESS RIGHTS AND THE ENTRY OF A FUNDAMENTALLY DEFECTIVE JUDGMENT.

II. PRUDENTIAL'S SERVICE OF THE DEMAND–FOR–RENTS LETTER UPON THE APPELLANT WAS SUFFICIENT AS A MATTER OF LAW TO CONFER UPON PRUDENTIAL THE RIGHT TO RECEIVE THE RENTS AND TO DIVEST THE APPELLEES OF THAT RIGHT.

III. THE EXTINGUISHMENT OF THE LENDER'S RIGHT TO PURSUE THE DEBTORS FURTHER NEITHER REVERSED THE ASSIGNMENT–OF–RENTS NOR RESTORED THE DEBTORS' RIGHT TO THE RENTS.

Before addressing these issues, however, we must first ascertain whether appellant Gordon properly preserved them in the court below.

In connection with the instant appeal, lessors have filed a motion to quash arguing that: (1) Gordon failed to object to any of the facts contained in their memorandum of law presented to the trial court; and (2) Gordon failed to file post-trial motions. Thereafter, this court issued a rule to show cause as to whether this matter satisfies the requirements of submission to the trial court on a case stated basis or whether the matter constitutes a non-jury trial based upon a stipulation

of the facts. In his response to the rule to show cause, Gordon contends that the disposition of this matter was neither a "trial without a jury upon a stipulation of facts" nor a submission of the case on a "case stated" basis. Gordon contends that the disposition should be considered more in the nature of a summary judgment, which does not require the filing of post-trial motions pursuant to Pennsylvania Rule of Civil Procedure 227.1(c).[1]

Gordon's attempt to characterize the underlying proceedings as entry of summary judgment is a somewhat creative effort to avoid quashal of the action for failing to preserve his allegations of error for appellate review. If the trial court's adjudication constituted either a trial without a jury upon stipulated facts, or submission of agreed upon facts for entry of judgment by the lower court (*i.e.*, a "case stated"), Gordon's appeal must be quashed.

 "It is well settled that where there is a trial without a jury upon stipulated facts submitted for the decision of the court, a party must file post-trial motions to preserve any right of appeal." *Baughman v. State Farm Mutual Automobile Ins. Co.*, 441 Pa.Super. 83, 86, 656 A.2d 931, 932 (1995) (citing *Miller v. Kramer*, 424 Pa.Super. 48, 49–51, 621 A.2d 1033, 1034 (1993); and *McCormick v. Northeastern Bank*, 522 Pa. 251, 254, 561 A.2d 328, 330 (1989)). To preserve the right to appeal from a judgment entered upon a case stated, the statement of facts must contain a clause reserving the right to appeal. *Penn v. Nationwide Ins. Co.*, 363 Pa.Super. 13, 15, 525 A.2d 400, 401 (1987); *Wertz v. Anderson*, 352 Pa.Super. 572, 577, 508 A.2d 1218, 1220 (1986). Here, Gordon neither filed post-trial motions, nor does his statement of facts contain a clause reserving the right to appeal. Under either scenario,

---

1. Rule 227.1 of the Pennsylvania Rules of Civil Procedure provides, in pertinent part:

 (c) Post–Trial motions shall be filed within ten days after

 \* \* \* \* \* \*

 (2) notice of nonsuit or the filing of the decision or adjudication in the case of a trial without a jury or an equity trial.

 Pa.R.C.P., No. 227.1(c)(2).

Gordon has not preserved his allegations of error for appellate review.

■ The trial court's adjudication contains elements resembling both a trial without a jury upon stipulated facts, and judgment upon a case stated. Because the procedure does not exactly match either scenario, Gordon argues that this court must consider the adjudication the entry of summary judgment. Unfortunately, the record does not reflect the filing of a motion for summary judgment by either party. Gordon cites no cases which recognize the trial court's grant of summary judgment on its own motion. Because the trial court had no motion for summary judgment before it, we cannot consider its adjudication the grant of summary judgment. *See* Pa.R.C.P., No. 1035(a), 42 Pa.C.S.A. ("After the pleadings are closed, but within such time as not to delay trial, any *party* may move for summary judgment. . . .").[2]

■ Proceedings representing a hybrid between adjudication upon a case stated and a non-jury trial upon stipulated facts are not unheard of in this Commonwealth. *See Baughman v. State Farm Mut. Auto. Ins. Co., supra* (although trial court's order is captioned "Judgment" and parties agreed to facts, the proceeding more closely resembled non-jury trial

---

**2.** Contrary to Gordon's assertions, we note that all parties agreed that there was no dispute as to the pertinent facts underlying the cause of action. Memorandum of Law of Plaintiffs Christopher Ryan and Sean Drea, page 1; Memorandum of Law In Connection With Settlement Conference of Robert Gordon, at 1, 2. The affidavit of Howard Chambers, Esquire, the settlement master, likewise reflects no dispute regarding the facts underlying the cause of action:

4. During the [settlement] conference, counsel agreed that there were no pertinent factual issues in dispute. Accordingly, I informed counsel that the matter would be adjudicated by **non-jury trial based upon stipulated facts.** I then directed the parties to submit briefs in connection with the non-jury trial for consideration by the court no later than May 2, 1995. The parties agreed to do so.

5. On or about May 2, 1995, I received briefs from the the parties which I reviewed. After reviewing the briefs, I forwarded the briefs to the Honorable Albert F. Sabo, Court of Common Pleas, Philadelphia County, for entry of a decision based upon the parties stipulated facts.

Affidavit of Howard Chambers, Esquire, filed in Superior Court on April 3, 1996 (emphasis added).

based upon stipulated facts); *Penn v. Nationwide Ins. Co.,* *supra* ("[w]hether the instant action qualifies as a case submitted upon a stipulation of facts or as a case-stated is not clear"); *Wertz v. Anderson, supra* (Superior Court recognizes that underlying action contained some of the characteristics of a case stated). In the instant case, it makes no difference whether the underlying proceedings constituted a case stated or a non-jury trial based upon stipulated facts. If the proceedings constituted a final judgment entered on a case stated, Gordon failed to properly preserve his right to appeal in the statement of facts. *Penn v. Nationwide Ins. Co.,* 363 Pa.Super. at 15, 525 A.2d at 400; *Wertz v. Anderson,* 352 Pa.Super. at 577, 508 A.2d at 1220. In the alternative, if the proceedings constituted a non-jury trial upon stipulated facts, Gordon failed to file post-trial motions as required by Pa.R.C.P. 227.1. *Baughman v. State Farm Mutual Automobile Ins. Co.,* 441 Pa.Super. at 86, 656 A.2d at 931. Because Gordon failed to properly preserve any issues for appellate review, we must grant lessors' motion to quash the appeal.

The appeal is quashed.