**1322**

William B. MATTHEWS and Maxine
B. Matthews, Appellants,

v.

E. Lenore JOINES, Appellee.

Superior Court of Pennsylvania.

Argued April 16, 1997.

Filed Sept. 23, 1997.

William F. Hoffmeyer, York, for appellants.

Robert P. Kane, York, for appellee.

Before CAVANAUGH, POPOVICH and OLSZEWSKI, JJ.

OLSZEWSKI, Judge.

On December 1, 1994, William B. Matthews and Maxine B. Matthews, appellants herein, initiated the instant action by filing a complaint in equity seeking temporary and permanent relief in the form of an injunction barring E. Lenore Joines from traversing a right-of-way across appellants' property. In response, appellee filed a timely answer in which she claimed that she had acquired a prescriptive easement across appellants' property and that the court should, therefore, bar appellants from interfering with her legal right to use the pathway.

On January 13, 1995, after the parties filed proposed findings of fact and conclusions of law, a hearing was held relative to appellants' request for temporary injunctive relief. After the court heard the testimony of eight witnesses and received a total of twenty-three exhibits from the parties, the court denied appellants' petition for a temporary injunction.

In early April of 1996, a non-jury trial was held at which a total of seven witnesses, both expert and lay, testified. Additionally, the Honorable John H. Chronister conducted an on-site view of the disputed premises. Because the parties stipulated that appellee had openly and continuously used the right-of-way for a period in excess of twenty-one years, the critical factual question to be decided was whether the right-of-way passed through an area of enclosed woodlands. A finding that the pathway, at some prior time, passed through enclosed woodlands would toll an 1850 statute prohibiting the taking of title by prescription or adverse possession of

areas passing through enclosed woodlands and, thus, defeat appellee's claim of right.

On April 9, 1996, at the close of testimony, Judge Chronister issued an oral verdict in favor of appellee; finding, as a factual matter, that the roadway did not at any time pass through the surrounding enclosed woodlands. Appellee's claim of rightful title by virtue of a prescriptive easement was, therefore, sustained. On May 20, 1996, the court's final order reflecting this verdict was officially docketed.

On June 18, 1996, following the entry of this final order, appellants filed a notice of appeal with this Court. Appellants, however, failed to file post-trial motions with the trial court prior to seeking appellate review of their claim. We find this procedural default to be fatal to appellants' claim and, thus, decline to address the merits of the present appeal.

Pursuant to Pa.R.C.P. 227.1(c)(2), post-trial motions must be filed within ten days after, *inter alia,* "the adjudication in the case of a trial without jury or equity trial." Our courts have consistently held that a litigant's failure to comply with the procedural mandate that issues be properly preserved from the inception of a case results in the waiver of a litigant's right to appellate review. *See, e.g., Dollar Bank v. Swartz,* 540 Pa. 369, 372–74, 657 A.2d 1242, 1244 (1995). The rationale for this requirement of strict compliance is "[t]o maximize our efficiency and enhance the quality of our dispute resolution process." *Id.* (quoting *Tagnani v. Lew,* 493 Pa. 371, 376, 426 A.2d 595, 597 (1981)). Therefore, consistent with our procedural rules and the accompanying caselaw interpreting them, we hold that appellants have waived their right to appellate review of the claims presented in the instant appeal.

In a post-appeal communication with this Court, appellants have attempted to excuse their procedural default of failing to file post-trial motions to the trial court's final order by arguing that the parties submitted a set of stipulated facts to the court for a judgment.[1] This, appellants argue, obviates the necessity of filing post-trial motions and preserves their right to have this Court entertain the merits of the present appeal. We find, however, that appellants' argument is fundamentally flawed and inapplicable to the facts of this case.

"It is well-settled that where there is a trial without jury upon stipulated facts submitted for the *decision* of the court, a party must file post-trial motions pursuant to Rule 227.1(c) to preserve any right of appeal." *Miller v. Kramer,* 424 Pa.Super. 48, 50, 621 A.2d 1033, 1034 (1993) (emphasis in original). This is so because the court's decision is likened to a jury verdict, from which an aggrieved party must file post-trial motions prior to appellate review. *Id.* "However, where the parties submit an agreed statement of facts for the entry of a *judgment* by the court, the judgment is considered final and the parties must appeal within thirty days of the judgment without filing post-trial motions." *Miller,* 424 Pa.Super at 51, 621 A.2d at 1035 (emphasis in original).

Citing the above precedent, appellants contend that this Court's holding in *Miller* is dispositive of the question of whether appellants were required to file post-trial motions with the trial court in order to preserve their right to appellate review. Specifically, appellants contend that the trial court "was asked to apply the definition of woodlands to a set of stipulated facts" and that, therefore, "the judgment that was entered by Judge Chronister did not constitute a 'trial.'" Appellants' post-appeal communication at 2. Because our review of the record demonstrates that the parties did not submit stipulated facts to the trial court, we cannot agree with appellants that our decision in *Miller* is presently controlling.

In the instant action, the central point of contention was whether the pathway to which appellee had allegedly obtained a pres-

---

1. On September 12, 1996, after appellants filed the instant appeal, the Superior Court Prothonotary contacted the litigants in order to inform appellants that the official docket did not reflect that appellants filed any post-trial motions. Appellants were then required to respond to the Prothonotary, in writing, within ten days in order to explain why, if such motions were indeed not filed, their appeal should not be dismissed for failure to preserve their issues. Appellants complied as requested, thus temporarily forestalling the dismissal of their appeal.

criptive easement had ever traversed through an area of enclosed woodlands. So contentious was this battle that the court, on two separate occasions, heard testimony from a total of fourteen witnesses. Additionally, the parties introduced a plethora of exhibits and the court conducted an on-site view of the premises.

It is true that the parties stipulated that the right-of-way was used by appellee for a period in excess of twenty-one years. *See* slip op., 8/9/96 at 1. Absent the additional factual finding relative to whether the pathway had ever passed through an area of enclosed woodlands, however, this agreement represented, at best, the partial factual stipulation of the parties; to which the *Miller* analysis previously outlined does not apply.

Indeed, appellants' argument in this regard is somewhat curious for, in their brief to this Court, appellants argue that the trial court failed to adequately analyze and weigh the testimony of appellants' trial witnesses. As previously stated, the rather contentious trial centered upon whether the disputed pathway had ever passed through an area of enclosed woodlands. Both parties filed proposed findings of fact and conclusions of law with the court. Also, both parties called lay and expert witnesses and introduced a voluminous number of exhibits. As a final supplement to these in-court proceedings, the trial judge in this matter conducted an on-site view of the property.

We therefore find appellants' present argument, that the parties submitted stipulated facts to the court for a judgment, to be incredible. Indeed, in order to arrive at this dubious conclusion, appellants have had to weave a revisionary rendition of the facts out of whole cloth. We, however, are bound by the record below and, based thereon, find conclusively that the parties did not submit stipulated facts to the trial court. As such, appellants were required to file post-trial motions with the trial court in order to preserve their issues for appeal and their failure to do so necessitates a finding that appellants' issues have been waived.[2]

Order affirmed.

POPOVICH, J., files a Dissenting Opinion.

POPOVICH, Judge, dissenting.

I am unable to join in the affirmance of the order denying a permanent injunction[1] to the plaintiffs/appellants, William B. Matthews and Maxine B. Matthews. Rather, on the record before this Court, I would quash the appeal.

The appellants' issues on appeal[2] relate to the trial court's alleged abuse of discretion in failing to enjoin the defendant, E. Lenore Joines, from using a "woodslane" traversing their property to gain access to a main road.

The record discloses that in 1988 the plaintiffs purchased a tract of land in Fawn Township, York County. The defendant was deeded property in 1991 contiguous to the plaintiffs. It is undisputed the defendant traveled across the plaintiffs' property to gain access to Alum Rock Road.

Two and one-half years before suing, the plaintiffs notified the defendant to cease using their property for egress and ingress to her property. When the defendant refused, the plaintiffs filed a complaint in equity seeking preliminary and permanent injunctions, both of which were denied after two days of trial. Of the witnesses who testified (litigants, prior owners and five experts), the trial court credited the testimony of Ralph Thompson (a septuagenarian) whose father owned both tracts since the 1920s.

---

2. My dissenting colleague's statement, that he is unable to join the majority's affirmance of the trial court's order denying appellants' request for an injunction, is puzzling. Indeed, I find myself in complete agreement, albeit for different reasons, with the dissent's position that appellants' failure to file post-trial motions is fatal to their present claim. Therefore, where Judge Popovich would quash and I would find waiver, the fact remains that the merits of the instant appeal have not been addressed.

1. An order refusing an injunction is immediately appealable. Pa.R.App.P. 311(a)(4).

2. The appellants raise four issues attributing the trial court with an abuse of discretion or error of law in assessing the evidence and allegedly shifting the burden of proof.

Mr. Thompson recalled that the "wood-slane" was in existence longer than the seventy-four years of his life, was maintained by the township and led originally to a few homes situated at the end of the lane, but it ran along the edge of and outside the forest. This finding-of-fact by the court rendered inapplicable the Act of 1850, which reads:

No right-of-way shall be hereafter acquired by user, where such way passes through unenclosed woodlands, but on clearing such woodland, the owner or owners thereof shall be at liberty to enclose the same as if no such way had been used through the same for such clearing or enclosure.

As amended, 68 P.S. § 411.

With the denial of the permanent injunction, the plaintiffs filed a direct appeal to this Court. No post-trial motions were submitted in advance of appeal, a procedural mis-step I find fatal to the plaintiffs' request for appellate review.

To explicate, pursuant to Pa.R.Civ.P. 227.1(c)(2):

(c) Post-trial motions shall be filed within ten days after

\* \* \* \* \* \*

(2) notice of nonsuit or the filing of the *decision* or adjudication in the case of a trial without jury or equity trial. [Emphasis added]

It is well-established that a trial without a jury submitted for *decision* to a court requires a party to file post-trial motions to preserve any right of appellate review. Cf. *McCormick v. Northeastern Bank,* 522 Pa. 251, 561 A.2d 328, 330 (1989)("The decision of a trial court is considered to be similar to a verdict in a jury trial from which the aggrieved party must file a motion for post-trial relief pursuant to Pa.R.Civ.P. Rule 227.1, in order to preserve disputed issues for appellate review.").

However, as noted in *Miller v. Kramer,* 424 Pa.Super. 48, 621 A.2d 1033 (1993), if the parties submit an agreed statement of facts for the entry of *judgment* by the court, the judgment is considered final and the parties must appeal within thirty days of the judgment without filing post-trial motions. Ac-

cordingly, as in *Miller,* I find it necessary to determine whether the parties presented facts for the trial court's decision which is subject to exceptions or for entry of a final judgment. In making such an assessment, several factors are to be considered; to-wit:

1) whether the parties actually intended that the court enter a decision or a judgment; 2) the parties' instructions to the trial court; and 3) whether the trial court rendered a decision subject to exceptions or entered final judgment. [Citations omitted]

*Miller,* supra.

At bar, the plaintiffs' complaint in equity requested "[a] prompt resolution of the dispute", which was followed by a Motion for Preliminary Injunction seeking "an expedited hearing" to resolve the matter. Two hearings were conducted (January 13, 1995, and April 9, 1996, whereafter a preliminary injunction and permanent injunction were denied, respectively) where testimony was proffered for the court's assessment and factual findings were made that the Act of 1850 did not apply to foreclose the defendant from acquiring a "right-of-way" over the appellants' property.

More specifically, in the course of the April 9, 1996, hearing, the court observed "the only issue to *decide* is whether it [—'wood-slane'—] was a right-of-way through unenclosed woodlands". This being the case, the court restricted itself to the issue counsel asked it "to decide". Further, in its opinion filed pursuant to Pa.R.App.P.1925(a), the trial court remarked:

[T]he only *decision* the Court had to make, was whether the right-of-way went through unenclosed woodland, and the Court found conclusively that it did not. \* \* \* Therefore, the defendant's right-of-way does not violate the [1850] statute against obtaining an adverse right-of-way through unenclosed woodland, and plaintiffs' request for a permanent injunction was denied.

Trial Court Opinion, 8/9/96, at 8–9 (Emphasis added).

Hence, from my review of the record and applicable law, I would hold that facts were

presented for the court's *decision* to which post-trial motions were to be filed. Since the appellants neglected to submit post-trial motions pursuant to Rule 227.1(c), the appeal should be quashed.[3] *Miller,* supra. Because the Majority holds to the contrary and affirms, I respectfully dissent.

**3.** In a post-appeal communication, the appellants argue that the court did not render a *decision* on the respective rights of the parties, but rather was asked to apply the definition of woodlands to a stipulated set of facts converting the adjudication into a "final judgment" dispensing with the need to file post-trial motions per Pa.R.Civ.P. 227.1(c)(2).

During the course of the second (April 9, 1996) hearing, it became evident there was no "stipulation of facts" as to the crux of the case: The location of the "woodslane". If it ran through the forest, the Act of 1850 precluded the defendant from acquiring any rights to its continued use. If the lane existed outside the forest, the Act of 1850 was inapplicable and a right-of-way for the defendant over the plaintiffs' property would continue.

The plaintiffs' experts were at odds with the defendant's experts as to the location of the "woodslane". It was only with the testimony of Mr. Thompson (direct evidence) setting the location of the lane outside the forest (which was consistent with the defendant's circumstantial evidence) that the court ruled for the defendant's continued use of the "right-of-way".

The court heard testimony requiring it to determine the credibility of witnesses in making findings-of-fact and conclusions of law consistent with a non-jury trial in equity. Such being the case, Rule 227.1(c)(2) applied and, the plaintiffs' failure to comply therewith, requires the appeal to be quashed.