J-S21003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AB RHODES, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHARON E. DICK AND LARRY DICK, | : | |
| HUSBAND AND WIFE | : | |
| | : | No. 1683 WDA 2016 |
| Appellants | : | |

Appeal from the Judgment Entered on October 19, 2016
In the Court of Common Pleas of Mercer County Civil Division at No(s):
2015-1332

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED JULY 10, 2018**

Appellants, Sharon E. Dick and Larry Dick, husband and wife, appeal from the judgment entered on October 19, 2016, in favor of A B Rhodes, LLC ("A B Rhodes") and against Appellants, in the amount of $1,861,627.00. We affirm.

The trial court ably explained the underlying facts and procedural posture of this case:

> This matter generally arises out of the purchase and proposed development of commercial property wherein [A B Rhodes] planned to erect a destination winery including a dining and banquet facility near Interstate 79 and the Grove City Outlet Malls in Mercer County. Appellants [] were obligated to make certain improvements to the property at their expense within certain deadlines. Appellants failed to take the necessary action[,] which resulted in [A B Rhodes] filing a lawsuit seeking damages for [Appellants'] failure to make the necessary improvements, and for [A B Rhodes'] loss of profits.

Essentially, the parties entered into a real estate sales agreement on November 7, 2013[,] wherein [A B Rhodes] purchased approximately 10 acres of commercial unimproved property from [Appellants] for $250,000.00 subject to certain escrow provisions. The property, however, had no access road [and] no service by utilities including storm water, sanitary sewer, water, gas[, or] electric. The initial complaint sought over $600,000.00 in damages.

Appellants failed to file a timely answer or other appropriate pleading to the complaint and took no further action when given a [ten-]day notice of [A B Rhodes'] intent to take a default judgment[. This] result[ed] in a default judgment being entered against [Appellants] on February 25, 2016 for $600,000.00. [43 days] later, [Appellants] filed a petition to open the judgment[; this petition was denied on] May 5, 2016. That order was not appealed.

[Several months later, Appellants] filed a motion challenging the assessment of damages by the prothonotary[. The trial court granted Appellants' motion on] September 30, 2016 [and, in so doing,] set[] aside the default assessment of damages of $600,000.00[. The trial court] schedul[ed] an evidentiary hearing on the issue of damages only. However, the judgment in favor of [A B Rhodes] on the liability issue remained unchallenged.

The [trial] court conducted an evidentiary hearing for the assessment of damages in this matter on October 6 and 17, 2016[,] at which time three witnesses testified on behalf of [A B Rhodes] and [Appellants] elected to call no witnesses. The [trial] court rendered its [decision on] October 18, 2016[,] assessing damages against [Appellants] and in favor of [A B Rhodes] in the amount of $1,861,627.00. [Judgment was then entered on October 19, 2016.]

Trial Court Opinion, 4/21/17, at 1-2 (some internal capitalization omitted).

Appellants did not file a post-trial motion. Instead, Appellants filed a notice of appeal on November 3, 2016. Appellants raise five claims on appeal:

[1.] Whether the trial court erred in accepting Bryan Rhodes as an expert witness where his experience and education were insufficient to establish him as such[?]

[2.] Whether the trial court erred in admitting a business plan/economics report authored by an out of court declarant who did not testify at trial where the document was offered for the truth of the matter asserted therein and no exception to the hearsay rule applied[?]

[3.] Whether the trial court erred in awarding damages to [A B Rhodes] which had already been recovered in a separate action[?]

[4.] Whether the trial court erred in its award of damages where [A B Rhodes] failed to mitigate damages[?]

[5.] Whether the trial court erred in awarding [A B Rhodes] damages for lost profits where said damages were speculative in nature as [A B Rhodes'] business was a start-up business[?]

Appellants' Brief at 4.

All of Appellants' claims on appeal are waived, as Appellants failed to file a post-trial motion in this case.

Pennsylvania Rule of Civil Procedure 227.1 provides, in pertinent part:

(c) Post-trial motions **shall** be filed within ten days after

. . .

(2) notice of nonsuit or the filing of the decision in the case of a trial without jury.

Pa.R.C.P. 227.1(c) (emphasis added).

This Court has emphasized the mandatory nature of post-trial motions under Pa.R.C.P. 227.1 as follows:

The Pennsylvania Supreme Court has stated that the filing of post-trial motions is mandatory if a litigant wishes to preserve issues for appellate review. *See L.B. Foster Co. v. Lane Enterprises, Inc.,* 710 A.2d 55 (Pa. 1998) ("Pa.R.C.P. 227.1 requires parties to file post-trial motions in order to preserve issues for appeal. If an issue has not been raised in a post-trial motion, it is waived for appeal purposes.")

In *Lane Enterprises, Inc. v. L.B. Foster Co.,* 700 A.2d 465, 469-470 (Pa. Super. 1997), after a nonjury trial in a breach of contract action, the trial court issued an opinion disposing of issues the parties raised in trial memoranda. Following the trial court's decision, instead of filing post-trial motions, the appellant, Foster, filed a *praecipe* to enter judgment and a notice of appeal. A panel of this Court reviewed the merits of the appeal despite the lack of post-trial motions. *Id.* In a one-paragraph *per curiam* order, the Pennsylvania Supreme Court reversed this Court and reiterated the importance of post-trial motions. *See Lane Enterprises, Inc.,* 710 A.2d at 54 and *L.B. Foster Co.,* 710 A.2d at 55.

In other decisions applying Pa.R.C.P. 227.1 in actions at law, our Court has consistently quashed appeals from orders or verdicts following nonjury trials when no post-trial motions were filed. *See e.g. Baughman v. State Farm Mut. Auto. Ins. Co.,* 656 A.2d 931 (Pa. Super. 1995) (quashing an appeal taken directly from an order, captioned as a judgment, which was entered after a nonjury trial); *Krystal Development Corp. v. Rose,* 704 A.2d 1102, 1103 (Pa. Super. 1997) (without post-trial motions after a nonjury trial, there are no issues preserved for appellate review). The importance of filing post-trial motions cannot be overemphasized. "[T]his is not blind insistence on a mere technicality since post-trial motions serve an important function in adjudicatory process in that they afford the trial court in the first instance the opportunity to correct asserted trial error and also clearly and narrowly frame issues for appellate review." *Fernandes v. Warminster Mun. Auth.,* 442 A.2d 1174, 1175 (Pa. Super. 1982). Even when a litigant files post-trial motions but fails to raise a certain issue, that issue is deemed waived for purposes of appellate review. *See Hall v. Owens Corning Fiberglass Corp.,* 779 A.2d 1167, 1169 (Pa. Super. 2001) (where a claim was not

specified in the post-trial motions, the issue was not preserved and is, therefore, waived).

***Diamond Reo Truck Co. v. Mid-Pac. Indus., Inc.,*** 806 A.2d 423, 428 (Pa. Super. 2002) (internal footnote and some internal citations omitted).

In this matter, at the October 6 and 17, 2016 hearing, the trial court heard testimony from three witnesses and accepted multiple exhibits. Consequently, though perhaps not docketed or titled as such, the October 6 and 17, 2016 proceeding was a nonjury trial from which Appellants were obligated to file a post-trial motion. ***Id.***; Pa.R.C.P. 227.1(c)(2); ***see also*** Pa.R.C.P. 1037(b)(1) ("(b) The prothonotary, on *praecipe* of the plaintiff, shall enter judgment against the defendant for failure to file within the required time a pleading to a complaint which contains a notice to defend or . . . for any relief admitted to be due by the defendant's pleadings. (1) The prothonotary shall assess damages for the amount to which the plaintiff is entitled if it is a sum certain or which can be made certain by computation, but if it is not, **the damages shall be assessed at a trial** at which the issues shall be limited to the amount of the damages") (emphasis added); ***see also*** Appellants' Brief at 6 (acknowledging that the underlying proceeding was "a trial limited to the issue of damages"). Appellants filed no such post-trial motion, rendering all appealable issues arising from the judgment waived and

foreclosing our consideration of the matter.[1]  Consequently, we are constrained to affirm.

Judgment affirmed.  Jurisdiction relinquished.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2018

---

[1]  We note our awareness of the Supreme Court of Pennsylvania's decision in **Newman Development Group v. Genuardi's Family Markets**, 52 A.3d 1233 (Pa. 2012), holding that, under the circumstances of that matter, our Court had improperly found the appellant's issues waived for failure to file post-trial motions.  **Newman Development Group**, however, is distinguishable from this case because, in that matter, the trial court order appealed from was an order on remand that the trial court entered without a proceeding constituting a "trial."  **Id.** at 1251.  In this matter, the case is not on remand, and the trial court's acceptance of testimony and evidence at the October 6 and 17, 2016 hearing plainly constituted a nonjury trial.  Therefore, pursuant to long established Pennsylvania law, Appellants were obligated to file a post-trial motion to preserve their issues for appeal.