J-A11023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| OVERLOOK ROAD FARM COMPANY AND L. WILLIAM KAY, III | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| AQUA PENNSYLVANIA, INC., F/K/A PHILADELPHIA SUBURBAN WATER COMPANY | |
| Appellee | No. 1847 EDA 2015 |

Appeal from the Order Entered June 9, 2015
In the Court of Common Pleas of Chester County
Civil Division at No(s): 11-106690

BEFORE:  SHOGAN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 28, 2016**

Appellants, Overlook Road Farm Company and L. William Kay, III, appeal from the June 9, 2015 order denying their motion for post-trial relief following the entry of a verdict in favor of Appellee, Aqua Pennsylvania, Inc. (Aqua), in Appellants' breach of contract action.[1]  After careful review, we affirm.

---

[1] We note the certified record does not reflect that any party filed a praecipe for entry of judgment in this matter.

> [A]n appeal generally lies from judgments entered following the disposition of post-trial motions. ***Mackall v. Fleegle***, 801 A.2d 577, 580–581 (Pa. Super. 2002). However, in the interests of justice and to promote judicial economy an appellate court may "regard as done that which ought to have been

*(Footnote Continued Next Page)*

We summarize the procedural and factual background of this case as follows. In a prior action, Appellants sued Aqua to recover sums allegedly due in connection with certain water line easements on Appellants' property. The parties resolved the case by entering a comprehensive settlement agreement (the Agreement) in November of 2007. The Agreement first provided for Kay to grant a permanent easement for certain existing water lines to Aqua and to execute attendant documentation, and Aqua was obligated to pay Overlook $37,500.00 within five days of the compliance with this portion of the Agreement. *Id.*, Exhibit A at 1-2, ¶¶ 1, 2.[2] Relative to an additional easement Aqua wished to obtain, the agreement provided as follows.

> 3. Aqua shall pay to [Appellants] an additional sum of $37,500 within five (5) business

_____

*(Footnote Continued)*

> done" and proceed in the matter. **See McCormick v. Ne. Bank of Pa.**, 522 Pa. 251, 561 A.2d 328, 330 n.1 (1989) (holding that although an order dismissing appellants' motion for post-trial relief was not reduced to judgment, in the interests of judicial economy the Supreme Court could "regard as done that which ought to have been done" and proceed with the appeal)….

**Grossi v. Travelers Personal Ins. Co.**, 79 A.3d 1141, 1145 n.1 (Pa. Super. 2013), *appeal denied*, 101 A.3d 103 (Pa. 2014). We opt to do so here, and shall proceed to the merits of the appeal.

[2] This portion of the Agreement was duly performed and is not a subject of Appellants' instant breach of contract action.

days of Pulte Homes, Inc. ("Pulte")[3] at no cost or expense to Aqua executing documents granting Aqua a permanent easement for the area described in the Grant of Easement dated February 29, 2001 and recorded at Book 4992 Page 0418 in the Office of Recorder of Deeds of Chester County ("Grant of Easement") as including portions of Tax Parcels 30-05-0118-00, 30-05-0128-01 and 30-05-0120-06, Pennsylvania and occupied by two existing water wells, a Wellhead Protection Area within 150 feet of those wells, and related equipment and water lines (the "Well Easement"). Kay hereby releases and terminates all rights he has or may have to terminate the Well Easement pursuant to paragraph 4 of the Grant of Easement.

…

7.   … Each party has freely entered into this Agreement after fully reviewing the terms and consulting with its respective counsel, and fully understands that the Agreement represents a full and final compromise of all matters noted above, for the express purpose of precluding forever any future suits arising out of those matters.

8.   This Agreement contains the entire agreement of the parties with respect to the settlement of the Action and the disputes between them, and supersedes any prior discussions, negotiations, agreements or understandings. No party is relying on any representation of the other party that is not expressly set forth herein.

*Id.*, Exhibit A at 2-4, ¶¶ 3, 7, 8.

---

[3] The property described in paragraph 3 of the Agreement was under contract for sale from Appellants to Pulte at the time of the Agreement. Pulte was not a party to the initial litigation and is not a signatory to the Agreement.

- 3 -

On September 30, 2011, Appellants filed a complaint against Aqua, alleging it breached the settlement agreement by failing to arrange for the execution of the easement referenced in paragraph 3 of the Agreement, and failing to tender the payment thereunder. *Id.* at 2-3, ¶¶ 6, 7. Aqua filed an answer and new matter on April 13, 2012. The matter proceeded to arbitration, resulting in an arbitration award in favor of Aqua, from which Appellants appealed to the trial court on July 2, 2012. On January 22, 2013, Aqua filed a motion *in limine*, seeking to bar the introduction of parol evidence at trial to explain the terms of the disputed contract provisions. On December 2, 2013, the trial court granted Aqua's motion *in limine*, restricting evidence of Aqua's obligation to make payment to Appellants under paragraph 3 of the Agreement to the "four corners of the Settlement Agreement." Trial Court Order, 12/2/13, at 1. On July 15, 2014, the trial court denied Appellants' various outstanding discovery and sanctions motions, ruling as follows.

> At argument, [Appellants'] counsel conceded that [Appellants'] sole remaining theory for relief is that [Aqua] had interfered with [Appellants'] efforts to obtain an easement from Pulte Homes, Inc., in breach of [the] Agreement []. [Aqua's] counsel argued that [Appellants'] Complaint failed to allege this theory. Having reviewed the Complaint, we agree. Therefore, there is no basis upon which to permit [Appellants] to pursue the requested discovery.

Trial Court Order, 7/15/14, at 1 n.1.

The case proceeded to a bench trial on February 11, 2015. At trial, the parties stipulated that Pulte never granted Aqua the permanent easement referenced in paragraph 3 of the Agreement. N.T., 2/11/15, at 3. At the conclusion of the trial, the trial court issued a verdict in favor of Aqua. Appellants filed a motion for post-trial relief on February 26, 2015, challenging the trial court's December 2, 2013, and July 15, 2014 orders and asserting the trial court should have granted Appellants leave to amend their complaint. The trial court denied Appellants' motion for post-trial relief on June 9, 2015. Appellants filed a notice of appeal on June 19, 2015.[4]

On appeal, Appellants raise the following questions for our review.

> 1. Whether the trial court erred in granting [Aqua's] Motion *In Limine* barring [Appellants] from presenting parol evidence at the trial[?]
>
> 2. Whether the trial court erred in denying [Appellants'] Motion to Compel [Aqua's] full and complete responses to [Appellants'] Interrogatories Nos. 16 and 18[?]
>
> 3. Whether the trial court erred in failing to permit the oral motion of [Appellants] to amend its Complaint to clarify its breach of contract claim and/or to conform to the evidence adduced in discovery[?]

Appellants' Brief at 3-4.

---

[4] Appellants and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

In their first issue, Appellants contend the trial court abused its discretion in granting Aqua's motion *in limine*. *Id.* at 13. We review this issue with the following principles in mind.

> A motion *in limine* is used before trial to obtain a ruling on the admissibility of evidence. ***Northeast Fence & Iron Works, Inc. v. Murphy Quigley Co., Inc.***, 933 A.2d 664 (Pa. Super. 2007). "It gives the trial judge the opportunity to weigh potentially prejudicial and harmful evidence before the trial occurs, thus preventing the evidence from ever reaching the jury." ***Commonwealth v. Reese***, 31 A.3d 708, 715 (Pa. Super. 2011) (*en banc*). A trial court's decision to grant or deny a motion *in limine* "is subject to an evidentiary abuse of discretion standard of review." ***Id.***
>
> > Questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and we will not reverse the court's decision absent a clear abuse of discretion. ***Commonwealth Financial Systems, Inc. v. Smith***, 15 A.3d 492, 496 (Pa. Super. 2011) (citing ***Stumpf v. Nye***, 950 A.2d 1032, 1035–1036 (Pa. Super. 2007[2008])). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." ***Grady v. Frito–Lay, Inc.***, 576 Pa. 546, 839 A.2d 1038, 1046 (Pa. 2003).
>
> ***Keystone Dedicated Logistics, LLC v. JGB Enterprises, Inc.***, 77 A.3d 1, 11 (Pa. Super. 2013). In addition, "to constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." ***Winschel v. Jain***, 925 A.2d 782, 794 (Pa. Super. 2007) (citing ***McClain v. Welker***, 761 A.2d 155, 156 (Pa. Super. 2000)).

*Parr v. Ford Motor Co.*, 109 A.3d 682, 690-691 (Pa. Super. 2014) (*en banc*), *appeal denied*, 123 A.3d 331 (Pa. 2015), *cert denied*, 136 S. Ct. 557 (2015).

Appellants claim parol evidence should have been permitted to explain an ambiguity in the Agreement relative to whose responsibility it was to secure the permanent easement from Pulte referenced in paragraph 3 of the Agreement. Appellants' Brief at 13. "When a contract is silent as to a material term, the court must permit parol evidence concerning that issue, even where the contract has an integration clause. At a minimum, the parties' contract is ambiguous as to which party was responsible for obtaining the easement at issue." *Id.* The trial court, however determined that all material terms to the Agreement were present and there was no ambiguity. Trial Court Opinion, 7/11/15, at 3.

> "The enforceability of settlement agreements is determined according to principles of contract law." *Kramer v. Schaeffer*, 751 A.2d 241, 245 (Pa. Super. 2000). "Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation." *Stamerro v. Stamerro*, 889 A.2d 1251, 1257 (Pa. Super. 2005) (citation omitted). "Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as [the appellate] court may review the entire record in making its decision." *Id.* (citation omitted).

*Ragnar Benson, Inc. v. Hempfield Twp. Mun. Auth.*, 916 A.2d 1183, 1188 (Pa. Super. 2007)

The fundamental rule in interpreting the meaning of a contract is to ascertain and give effect to the intent of the contracting parties. The intent of the parties to a written agreement is to be regarded as being embodied in the writing itself. The whole instrument must be taken together in arriving at contractual intent. Courts do not assume that a contract's language was chosen carelessly, nor do they assume that the parties were ignorant of the meaning of the language they employed. When a writing is clear and unequivocal, its meaning must be determined by its contents alone.

Only where a contract's language is ambiguous may extrinsic or parol evidence be considered to determine the intent of the parties. A contract contains an ambiguity if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. This question, however, is not resolved in a vacuum. Instead, contractual terms are ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts. In the absence of an ambiguity, the plain meaning of the agreement will be enforced. The meaning of an unambiguous written instrument presents a question of law for resolution by the court.

*Murphy v. Duquesne Univ. of the Holy Ghost*, 565 Pa. 571, 777 A.2d 418, 429–30 (2001) (citations and quotation marks omitted) (emphasis added).

*Ramalingam v. Keller Williams Realty Grp., Inc.*, 121 A.3d 1034, 1046

(Pa. Super. 2015).

A contract is not ambiguous if the court can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of language in general, its meaning depends; and a contract is not rendered ambiguous by the

mere fact that the parties do not agree upon the proper construction.

*Metzger v. Clifford Realty Corp.*, 476 A.2d 1, 5 (Pa. Super. 1984) (citation omitted).

Instantly, as noted, Appellants claim that a material term, *i.e.*, who bore the responsibility for obtaining the grant of a permanent easement from Pulte, is missing from the Agreement. Appellants' Brief at 13. Therefore, Appellants assert that parol evidence was admissible to discern the parties' intent with regard to that term, and said parol evidence would have established that Aqua bore the responsibility to obtain the easement. *Id.* at 13-14.

> It must be understood that only Aqua knew what it wanted/needed with regard to the language of the easement as this was an easement that Aqua wanted/needed in order to have access to water wells on the subject property. Thus, the trial court should have determined that common sense dictated, and the only fair reading of the parties' contract included, the obligation of Aqua to obtain the easement.

*Id.*

The trial court determined that the Agreement simply imposed an obligation upon Aqua to pay Appellants **if** a grant of a permanent easement was obtained from Pulte. Trial Court Opinion, 7/11/15, at 3.

> That the agreement is silent as to who is obligated to obtain the easement on Aqua's behalf is of no moment. Either party or a nonparty could have obtained the easement for Aqua. Had the parties

- 9 -

> intended for Aqua to be saddled with this responsibility, they could have easily said so. …
>
> [Appellants] state conclusively that a material term is absent without explaining how the Settlement Agreement is impossible to understand or enforce in its absence.

***Id.***

We agree. Viewing the Agreement as a whole, Paragraph 3 is fully understandable as written. There is nothing in the language or the attendant circumstances to suggest that an additional provision, requiring the grant of easement to be obtained from Pulte, was intended to be part of the Agreement. Rather, the Agreement merely triggered Aqua's obligation to pay Appellants whenever such grant of easement was executed. After all, Pulte was not a party to the Agreement and was not thereby bound to execute anything. That, in negotiating the terms of the Agreement, the parties may not have anticipated a failure to obtain the grant of a permanent easement from Pulte does not constitute an ambiguity. ***See Metzger***, ***supra.*** Absent an ambiguity in the Agreement, we conclude the trial court did not abuse its discretion in granting Aqua's motion *in limine*, precluding parol evidence to interpret the Agreement. ***See Ragnar Benson, Inc.***, ***supra***; ***Parr***, ***supra***. Accordingly, Appellants' first issue affords them no relief.

Appellants next claim the trial court erred in denying their motion to compel Aqua to fully respond to discovery requests and for their motion for

sanctions. Appellants' Brief at 15. "Our standard of review when determining the propriety of a discovery order is whether the trial court committed an abuse of discretion." **Bensinger v. Univ. of Pittsburgh Med. Ctr.**, 98 A.3d 672, 682 (Pa. Super. 2014), *quoting* **Berg v. Nationwide Mut. Ins. Co.**, 44 A.3d 1164, 1178 n.8 (Pa. Super. 2012), *appeal denied*, 65 A.3d 412 (Pa. 2013) (citation omitted). "[A]s a general rule, discovery is liberally allowed with respect to any matter, not privileged, which is relevant to the cause being tried." Pa.R.C.P. 4003.1.

Specifically, Appellants contend the discovery sought, *i.e.*, evidence of Aqua's efforts to obtain the grant of easement from Pulte, was relevant to its breach of contract claim. Appellants' Brief at 15. Appellants assert the Agreement, as with any contract, included an implied covenant of good faith and fair dealing, which they claim Aqua breached by placing "obligations on Pulte in the proposed easements that went far beyond obtaining the simple easement that was needed and, therefore, among other actions, interfered with obtaining the easement." **Id.** at 15-16. As noted in the discussion of Appellants' first issue however, the trial court determined that the Agreement did not impose a duty upon Aqua to obtain the grant of easement from Pulte.[5]

---

[5] The trial court also justified its denial of Appellants' discovery motions based on its determination that Appellants "had not sufficiently alleged this theory [of a breach of an implied duty of good faith] in their complaint." Trial Court Opinion, 7/11/15, at 4. It is this finding that underlies
*(Footnote Continued Next Page)*

As explained in the following, the duty of fair dealing cannot be used to introduce a condition not explicit in the underlying contract itself.

> [T]he Commonwealth has accepted the principle in *Restatement (Second) of Contracts* § 205 that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." **Kaplan v. Cablevision of PA, Inc.**, 448 Pa.Super. 306, 671 A.2d 716, 721–22 (1996). …
>
> The Commonwealth has also developed in common law what has come to be referred to as the doctrine of necessary implication. This Court in **Daniel B. Van Campen Corp. v. Bldg. & Constr. Trades Council of Phila.**, 202 Pa.Super. 118, 195 A.2d 134 (1963), described the principle as follows:
>
> > The law is clear that "In the absence of an express provision, the law will imply an agreement by the parties to a contract to do and perform those things that according to reason and justice they should do in order to

_____
*(Footnote Continued)*

Appellants' third issue, faulting the trial court for failing to permit them to amend their complaint to conform to the evidence. Appellants' Brief at 17. In light of our disposition of Appellants' second issue on substantive grounds based on the terms of the Agreement, we need not address the trial court's determination of the adequacy of Appellants' pleading. Additionally, from our disposition of Appellants' first two issues, it is apparent that amendment of the complaint to more clearly articulate a theory based on the implied duty of good faith dealing would not overcome the clear terms of the Agreement as discussed above.

Furthermore, we agree with the trial court that the certified record reveals no request by Appellants for leave to amend the complaint, or an action by the trial court foreclosing such a request prior to the entry of the verdict. Accordingly, there is no determination by the trial court for us to review. Appellants raised the issue on the record for the first time in their post-verdict motion, which was insufficient to preserve the issue for appeal. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

- 12 -

carry out the purpose for which the contract was made and to refrain from doing anything that would destroy or injure the other party's right to receive the fruits of the contract. Accordingly, a promise to do an act necessary to carry out the contract must be implied." [8 P.L.E., Contracts, § 140.]

*Id.* at 136–37. … In the absence of an express term, the doctrine of necessary implication may act to imply a requirement necessitated by reason and justice without which the intent of the parties is frustrated.

The duty of good faith and the doctrine of necessary implication apply only in limited circumstances. **Implied duties cannot trump the express provisions in the contract**. *See*, *Kaplan*, 671 A.2d at 720 ("The court may apply the doctrine of necessary implication [to] imply a missing term … only when … it is abundantly clear that the parties intended to be bound by such term."). Unequivocal contractual terms hold a position superior to any implied by courts, leaving implied covenants to serve as gap filler. … As this obligation of good faith is tied specifically to and is not separate from the [express] duties a contract imposes on the parties, it cannot imply a term not explicitly contemplated by the contract. Both the implied covenant of good faith and the doctrine of necessary implication are principles for courts to harmonize the reasonable expectations of the parties with the intent of the contractors and the terms in their contract.

*John B. Conomos, Inc. v. Sun Co., Inc. (R&M)*, 831 A.2d 696, 705-707

(Pa. Super. 2003) (some quotation marks, citations, and footnote omitted;

emphasis added), *appeal denied*, 845 A.2d 818 (Pa. 2004).

Because Appellants' claim for breach of contract premised on Aqua's

failure to deal in good faith is dependent on a duty we have held is not

explicitly provided for in the Agreement, the sought after discovery was not relevant to Appellants' cause of action. **See** Pa.R.C.P. 4003.1; ***John B. Conomos, Inc.***, ***supra***. Accordingly, we discern no abuse of discretion by the trial court in denying Appellants' discovery motions. ***See Bensinger***, ***supra***.

To summarize, we conclude the trial court committed no error of law in determining the Agreement was not ambiguous, and that the Agreement imposed no duty upon Aqua to obtain the permanent easement from Pulte. Consequently, we discern no abuse of discretion by the trial court in entering its December 2, 2013, and July 15, 2014 orders, granting Aqua's motion *in limine*, and denying Appellants' discovery motions, respectively. We further conclude Appellants did not preserve any issue relative to the trial court's purported denial of leave to amend their complaint to conform to the evidence. Accordingly, the trial court's June 9, 2015 order is affirmed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/28/2016

- 14 -