J-A24026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MARLYN M. ZAWROTNY, EXECUTRIX OF THE ESTATE OF EMILY A. CLARK, DECEASED | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RAYMOND J. CLARK | |
| Appellee | No. 3015 EDA 2015 |

Appeal from the Judgment Entered December 8, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2011-29461

BEFORE:  BOWES, J., OTT, J., and SOLANO, J.

MEMORANDUM BY OTT, J.:                **FILED OCTOBER 04, 2016**

Marlyn M. Zawrotny, executrix of the estate of Emily A. Clark, deceased, ("the Estate") appeals from the judgment entered on December 8, 2015, in the Montgomery County Court of Common Pleas, in favor of Raymond J. Clark and against the Estate.  On appeal, the Estate raises weight and sufficiency claims.  Upon review, we remand for further actions consistent with this memorandum.

The facts and procedural history are summarized from the certified record as follows.  Emily A. Clark ("Decedent") gave her son, Raymond J. Clark ("Son"), three checks in the amount of $20,000.00 each, totaling $60,000.00, so that he could pay premiums on a John Hancock Life Insurance Company life insurance policy that was owned by him on the life

of Decedent.  *See* Complaint, 10/19/2011, at ¶ 4.[1]  On the memo of each check, the word "loan" was written.  *See id.* at Exhibit A.

On August 21, 2011, Decedent passed away.  Her other child, Zawrotny ("Daughter"), was named as executrix of the Decedent's will.  The Estate alleged Son never repaid his mother for this "loan."  On October 19, 2011, the Estate filed a lawsuit against Son, seeking the amount owed.

On February 1, 2012, Son filed an answer and new matter.  He admitted the money received was a loan but stated he "fully repaid the loan to his mother, Emily A. Clark, prior to her death, according to the terms of the loan."  Answer with New Matter, 2/1/2012, at ¶ 6.

The case proceeded to a bench trial on July 9, 2015.  At the conclusion of the trial, the court found in favor of Son and against the Estate.  The Estate filed a motion for post-trial relief.  Oral argument was held, and the court denied the motion on September 14, 2015.  The Estate then filed a notice of appeal on October 5, 2015.[2]

On October 30, 2015, this Court, in a *per curiam* order, observed that no judgment had been entered on the trial docket.  *See* Order, 10/30/2015.  Accordingly, the order directed the Estate "to file with the Prothonotary of

---

[1]  The policy had the face value of $1,200,000.00.

[2]  On October 16, 2015, the trial court ordered the Estate to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The Estate filed a concise statement on November 3, 2015.  The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 22, 2016.

the Superior Court within ten days a certified copy of the trial court docket reflecting the entry of the judgment." *Id.* The order also warned the Estate "that failure to comply with these directives may result in dismissal of this appeal without further notice." *Id.* (citation omitted).

The Estate's *praecipe* for judgment was rejected by the Montgomery County Prothonotary's Office for procedural defects on November 19, 2015, November 24, 2015, and December 1, 2015. *See* Trial Court Opinion, 2/22/2016, at 2. On December 8, 2015, the Estate successfully requested entry of judgment.

The Estate raises the following claim on appeal:

Whether the weight and sufficiency of the evidence presented by [the Estate] established a presumption of loan and lack of repayment? [Son] chose to introduce no evidence rebutting loan or proving any repayment.

Estate's Brief at 2 (some capitalization removed).

Prior to addressing the substantive issue on appeal, we must turn to several procedural nuances of the case as indicated by the trial court in its Rule 1925(a) opinion. First, we note the trial court requests we quash this appeal because the Estate did not file a timely *praecipe* for entry of judgment. *See id.* at 1-2 (stating quashal should be imposed because: (1) the Estate prematurely filed the appeal prior to entry of judgment; and (2) the Estate did not properly request entry of judgment until well outside the time limitations afforded by this Court in our October 30, 2015, order).

We decline to do so. "[I]n the interests of judicial economy, we shall 'regard as done that which ought to have been done.'" ***Peterson v. Schreiner,*** 822 A.2d 833, 835 n.1 (Pa. Super. 2003), *quoting* ***McCormick v.*** ***Northeastern Bank of Pennsylvania***, 561 A.2d 328, 330 n.1 (Pa. 1989). While not in direct compliance with our October 30, 2015, order, the Estate did eventually succeed in filing a *praecipe* for judgment. Accordingly, we will not quash the appeal on this basis.

Next, the trial court noted the Estate failed to comply with Pennsylvania Rule of Appellate Procedure 1911 by failing to request transcripts. Trial Court Opinion, 2/22/2016, at 1-2. Consequently, the court stated it did not have a transcript to prepare its opinion. ***Id.*** at 2.

Rule 1911 states, in relevant part:

**(a)** General rule. The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 5000.1 et seq. of the Pennsylvania Rules of Judicial Administration (court reporters).

…

**(d)** Effect of failure to comply. If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal.

Pa.R.A.P. 1911 (a, d).

We note the certified record does not contain a transcript of the July 9, 2015, trial, even though it is included in the reproduced record supplied by

- 4 -

the Estate. Moreover, the docket did not indicate that the transcript was filed, and we see no evidence that the Estate or its counsel requested the transcript pursuant to Rule 1911. "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*) (citation omitted), *appeal denied*, 916 A.2d 632 (Pa. 2007).

Accordingly, we are compelled to remand the matter. On remand, the Estate's counsel shall take the steps necessary to ensure that the July 9, 2015, trial transcript is prepared and filed of record . Counsel has 10 days from the date this memorandum is filed to file his request for the transcript. If counsel requires assistance in ensuring that the transcript is expeditiously prepared, he shall make appropriate requests of the trial court.

Additionally, because the trial court did not address the Estate's issue on its merits in its Rule 1925(a) opinion, we are deprived of its rationale with regard to the claim. Therefore, we also remand this matter to the trial court for issuance of an adequate opinion in accordance with Rule 1925, which shall address the issue raised on appeal. The opinion is to be filed within 30 days of the date from which the trial court receives a copy of the trial transcript.

The Prothonotary of this Court is directed to remand the certified record to the trial court.

Case remanded with instructions consistent with this decision. Panel jurisdiction retained.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/4/2016