J-A17043-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| MANSOOR SAYYED, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIKE, A/K/A BETIMES, INC., D/B/A | : | |
| NORTHERN PIKE APARTMENTS | : | No. 1873 WDA 2017 |

Appeal from the Order November 20, 2017
in the Court of Common Pleas of Allegheny County,
Civil Division at No(s): AR-16-2385/2387

BEFORE: OTT, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED SEPTEMBER 20, 2018

Mansoor Sayyed ("Sayyed"), pro se, appeals from the Order denying his post-trial Motion, following the verdict against him, and in favor of Mike, a/k/a Betimes, Inc., d/b/a Northern Pike Apartments ("Northern Pike").[1] We affirm.

The trial court summarized the relevant history underlying the instant case as follows:

> This matter[] involves two consolidated landlord-tenant cases. At AR[-]16-002385, [Sayyed] sued [l]andlord [Northern Pike], alleging various damages (e.g., return of: a security deposit, an application fee, a credit check fee, surplus rent

_____

[1] Final judgment was not entered in this case. Nevertheless, in the interest of judicial economy, we will address the merits of the present appeal. See, e.g., McCormick v. Ne. Bank of Pa., 561 A.2d 328, 330 n.1 (Pa. 1989) (explaining that, "[a]lthough … the decision of the trial court dismissing appellants' motion for post-trial relief was not reduced to judgment by praecipe of either party …, in the interests of judicial economy, we shall regard as done that which ought to have been done.").

allegedly paid by [Sayyed], money [Sayyed] allegedly paid [Northern Pike] for furniture that [Northern Pike] supposedly did not provide, and court costs). At AR[-]16-002387, [Northern Pike] sued [Sayyed], also alleging a variety of damages (e.g., past due rent, property damage, and legal fees).

At the non-jury trial, each party testified to their respective claims. The resolution of those claims turned on the court's credibility determinations. The [trial] court resolved credibility in favor of [Northern Pike]. As such, the [trial] court entered a verdict in [Northern Pike's] favor and against [Sayyed] on [Sayyed's] claims at AR 16-002385. At AR[-]16-002387 ([Northern Pike's] claims against [Sayyed]), the [trial] court likewise entered a verdict in favor of [Northern Pike] and against [Sayyed]. The verdict was $1,300.00.

Trial Court Opinion, 1/26/18, at 1-2 (unnumbered) (citations omitted).

Sayyed filed a Motion for Reconsideration, which the trial court considered to be a post-trial motion. In his Motion, Sayyed challenged the verdict, arguing that Northern Pike had committed fraud by unilaterally changing the lease by lowering the rent from $750 to $700 without Sayyed's signature. The trial court denied Sayyed's Motion. Thereafter, Sayyed filed the instant appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.[2]

_____

[2] As the trial court observed in its Opinion, it is not clear from the record the date the court mailed its Order for Sayyed to filed a concise statement of matters complained of on appeal. See Trial Court Opinion, 1/26/18, at 3 (unnumbered). Consequently, the trial court declined to find that Sayyed's Concise Statement, filed on January 10, 2018, was untimely filed. See id.

In his brief, Sayyed appears to challenge Northern Pike's failure to allow him to read the lease agreement ("Lease Agreement").[3] Brief for Appellant at 5. Sayyed claims that he had agreed to pay $600 per month in rent, but the Lease Agreement printed the payment as $700 per month. Id. at 5-5A. Sayyed directs our attention to the fact that Northern Pike accepted a January 2015 rent check of $600. Id. Sayyed argues that Northern Pike fraudulently changed the monthly payment without his knowledge or the amount being initialed in the Lease Agreement. Id. Sayyed also challenges Northern Pike's claims of damage to the apartment. Id. at 5A-5B. Finally, Sayyed states that Northern Pike was aware that he was trying to secure custody of his children from Children and Youth Family Services ("CYF"), and intended to live with them at the apartment. Id. at 5B. According to Sayyed, CYF deemed the apartment unsuitable for the children, and Sayyed appropriately informed Northern Pike of the situation. Id. Sayyed takes exception to Northern Pike's attitude regarding the situation. Id.

> The standard of review applicable to a non-jury trial is as follows:
>
> Our appellate role in cases arising from non[-]jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial

---

[3] Sayyed's appellate brief does not include a statement of the questions involved, as is required by Pa.R.A.P. 2111(a)(4). However, his Summary of the Argument, found on page four of his brief, sets forth the questions raised by Sayyed and accordingly, we will consider the claims raised on appeal. See Pa.R.A.P. 2116(a) (stating that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").

judge must be given the same weight and effect on appeal as the verdict of the jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law. However, [where] the issue ... concerns a question of law, our scope of review is plenary.

The trial court's conclusions of law on appeal originating from a non-jury trial are not binding on an appellate court because it is the appellate court's duty to determine if the trial court correctly applied the law to the facts of the case.

Gamesa Energy USA, LLC v. Ten Penn Ctr. Assocs., L.P., 181 A.3d 1188, 1191-92 (Pa. Super. 2018) (internal quotation marks and citations omitted).[4]

It is not the role of an appellate court to pass on the credibility of witnesses; hence we will not substitute our judgment for that of the factfinder. Thus, the test we apply is not whether we would have reached the same result on the evidence presented, but rather, after due consideration of the evidence which the trial court found credible, whether the trial court could have reasonably reached its conclusion.

Mark Hershey Farms, Inc. v. Robinson, 171 A.3d 810, 814-15 (Pa. Super. 2017) (citation omitted).

---

[4] We note that the Supreme Court of Pennsylvania has granted allowance of appeal, in part, on unrelated issues. See Gamesa Energy USA, LLC v. Ten Penn Ctr. Assocs., L.P., 2018 Pa. LEXIS 4258 *1 (Pa. 2018).

Applying the above-stated law to the instant case, we are unable to afford Sayyed relief. Sayyed challenges the trial court's credibility determinations, and asks this Court to re-weigh the evidence. This we cannot do. See id. As the trial court stated in its Opinion, the court "reached the aforesaid verdicts after considering all [of] the evidence and making necessary weight and credibility assessments." Trial Court Opinion, 1/26/18, at 2 (unnumbered). That the trial court credited the evidence and testimony of Northern Pike, over that presented by Sayyed, is within its province as fact-finder. See Ferraro v. Temple Univ., 185 A.3d 396, 406 (Pa. 2018) (recognizing that "[q]uestions of the weight of the evidence are solely the province of the fact-finder—here, the trial court—who is free to believe or to disbelieve any evidence it chooses."). Accordingly, we cannot grant Sayyed relief on his assertions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/20/2018

- 5 -

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MANSOOR SAYYED.

CIVIL DIVISION

Plaintiff,

No. AR 16-2385

v.

MIKE, a/k/a BETIMES, INC. d/b/a
NORTHERN PIKE APARTMENTS,

Defendant.

## MEMORANDUM

This matters involves two consolidated landlord-tenant cases. At AR 16-002385, tenant Mansoor Sayyed ("Tenant") sued Landlord Mike, a/k/a Betimes, Inc. ("Landlord"), alleging various damages (*e.g.*, return of: a security deposit, an application fee, a credit check fee, surplus rent allegedly paid by Tenant, money Tenant allegedly paid Landlord for furniture that Landlord supposedly did not provide, and court costs). *See* N.T. at 1-64. At AR 16-002387, Landlord sued Tenant, also alleging a variety of damages (*e.g.*, past due rent, property damage, and legal fees). *See* N.T. at 1-64.

At the non-jury trial, each party testified to their respective claims. The resolution of those claims turned on the court's credibility determinations. The court resolved credibility in favor of Landlord. As such, the court entered a verdict in Landlord's favor and against Tenant on Tenant's claims at AR 16-002385. *See* N.T. at 59. At AR 16-002387 (Landlord's claims against Tenant), the court likewise entered a verdict in favor of Landlord and against Tenant. *See* N.T. at 62-63. The verdict was $1,300.00. *See* N.T. at 62-63.

This court reached the aforesaid verdicts after considering all the evidence and making necessary weight and credibility assessments. Such determinations were within this court's province to make. *Ruthrauff, Inc. v. Ravin, Inc.*, 914 A.2d 880, 888 (Pa. Super. 2006) (indicating weight and credibility determinations are for the factfinder). Furthermore, the court's resolution of the competing claims, and this court's verdicts, were supported by competent evidence. *See* N.T. at 1-64.

Tenant filed a motion for reconsideration which this court treated as a post-trial motion. Tenant's motion, while not particularly clear, essentially argued that Landlord was not entitled to the verdict, and that Tenant should have prevailed, because the Landlord had committed a fraud wherein he had unilaterally changed the lease, actually lowering the rent from $750.00 to $700.00, without obtaining Tenant's signature. Tenant's post-trial motion failed to persuade this court that the court had committed any error at trial and/or that the verdict(s) should be disturbed in any way for any reason—whether on questions of weight, credibility or, for that matter, any other issue. Accordingly, the court denied Sayyed's motion. *See Harman v. Borah*, 756 A.2d 1116, 1122 (Pa. 2000) (indicating a new trial should be granted only where a mistake occurred at trial and the mistake was sufficient to prejudice the complaining party).

Tenant filed this appeal at 1873 WDA 2017. Normally, a direct appeal in a civil case lies from the entry of judgment, and an appeal filed prior thereto is premature. *K.H. v. J.R.*, 826 A.2d 863, 871-72 (Pa. 2003). If judgment is entered after the appeal is filed, the appeal will be treated as having been filed after the entry of judgment and on the same date thereof. *Id.*; Pa.R.A.P. 905(a). In the instant case, judgment has not been entered and, as such, this appeal appears to be premature. *K.H.*, 826 A.2d at 871-72. However, this court is filing its opinion given the possibility

that judgment may be entered and the Superior Court may determine that it has jurisdiction over this matter. *Id.*

On December 19, 2017, this court entered an order under Pa.R.A.P. 1925(b) directing Tenant to file a statement of matters complained of on appeal within twenty-one days. The twenty-one day deadline would normally have been January 9, 2018. However, the docket indicates the order was not mailed until January 3, 2018. *See* **Docket Entry Dated January 3, 2018.** Furthermore, while not reflected on the docket, this court has reason to believe that the order may not have been postmarked until January 4, 2018. Tenant filed his 1925(b) statement on January 10, 2018. Given the delay in mailing, this court believes it would be inaccurate and inequitable to find Tenant's statement late.

Tenant's 1925(b) statement reiterates his post-trial claim that Landlord engaged in fraud and that the verdict(s) should therefore be reversed. For the reasons already stated herein, Tenant is due no relief on this claim.

Tenant's 1925(b) statement also appears to raise other issues not preserved in his post-trial motion. Matters not preserved by post-trial motion cannot be raised on appeal. *L.B. Foster Company v. Lane Enterprises*, 710 A.2d 55, 55 (Pa. 1998). Tenant is therefore not entitled to relief on any such issues. *Id.* Moreover, even if Tenant had raised these additional issues via post-trial motion, this court would not have granted any relief as they appear to involve matters of weight and credibility, matters that this court resolved in Landlord's favor.

BY THE COURT

_____, J.
Arnold I. Klein