**Galen E. DREIBELBIS, Appellant,**

v.

**STATE COLLEGE BOROUGH WATER AUTHORITY.**

**STATE COLLEGE BOROUGH WATER AUTHORITY,**

v.

**Galen E. DREIBELBIS.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1994.

Decided Dec. 30, 1994.

David D. Engle, for appellant.

Joseph P. Green, for appellee.

Before SMITH and NEWMAN, JJ., and LORD, Senior Judge.

LORD, Senior Judge.

Galen Dreibelbis appeals an order of the Centre County Court of Common Pleas that denied his petition to strike a $4,811.40 municipal lien imposed by the State College Borough Water Authority (Authority) and granted the Authority's motion to assess counsel fees and costs in the amount of $2,200 for a previous equity action brought by Dreibelbis.

The facts are not disputed. Dreibelbis is a land developer who owned ten apartment units known as Johnson Terrace, which is located in Ferguson Township, Centre County, Pennsylvania. The Authority maintains a network of water transmission mains, pumping stations and taps. Johnson Terrace is within the Authority's public water system service area.

On February 15, 1990, the Authority adopted an original resolution imposing a "connection fee" of $660 per "equivalent dwelling unit" when a water tap is "activated" to "new development." In September 1990, Dreibelbis applied for building and zon-

ing permits to construct nine additional apartment units at Johnson Terrace. Dreibelbis began constructing the units on December 12, 1990. On December 20, 1990, the Authority passed an amended resolution, to be considered effective February 15, 1990, requiring a connection fee of $660 per equivalent dwelling unit at the time a water tap is activated to a "new use."

At some point, Dreibelbis physically connected his new units at Johnson Terrace to the water distribution system already on site. The Authority assessed a $4,811.40 connection fee for Dreibelbis' use of water—owned and supplied by the Authority through an existing tap—for the new units. Dreibelbis refused to pay the fee and, on June 17, 1991, sought an injunction against the Authority assessing the connection fee and imposing a lien. That action was dismissed on October 4, 1991. The Authority entered a municipal lien on November 1, 1991. On April 3, 1992, the Authority moved for reasonable counsel fees and costs for defending the injunction action, pursuant to Section 2503 of the Judicial Code, 42 Pa.C.S. § 2503.

■ On March 31, 1992, several days before the Authority filed its motion for counsel fees and costs, Dreibelbis filed a petition to strike the municipal lien. He paid the amount of the lien into court for purposes of contesting it. Following a non-jury trial on the petition, the trial court found that Dreibelbis had proceeded with his construction of the nine new apartments knowing the Authority required him to pay connection fees. Further, Dreibelbis did not apply for water service as required or pay the connection fees. The court concluded Dreibelbis must pay connection fees under both the original resolution and, in the alternative, the amended resolution. The court also stated that the legal issue in the case was limited to the alleged illegal retroactivity of the amended resolution and decided that issue against Dreibelbis. The court declared the lien valid and denied Dreibelbis' petition. It also granted the Authority's motion to assess counsel fees and costs, finding Dreibelbis' original, injunction action was unreasonable, vexatious and "motivated by an arbitrary and capricious attitude." Dreibelbis now presents five issues in his appeal to this Court.[1]

## I. Assessment of Counsel Fees and Costs

■ Dreibelbis first argues that his dismissed injunction action was not "arbitrary," "vexatious" or in "bad faith" under Section 2503 of the Judicial Code, 42 Pa.C.S. § 2503. He submits that he had expended much money on the new units, did not want a lien clouding his title and wished to get the issue resolved. He contends that he made an honest and common mistake by originally filing the action in equity rather than at law, and states that hindsight is always "20/20."

The Authority argues that Dreibelbis "stubbornly persisted in pursuing" his injunction action even though, as stated in the Authority's answer to the injunction complaint, his remedy was at law. *See* Section 14 of the Act of May 16, 1923, P.L. 207, 53 P.S. § 7182. The Authority claims Dreibelbis' contention that a municipal lien would result in a mortgage default was frivolous, there was clearly no irreparable harm and the adverse publicity to his business and reputation alleged by Dreibelbis could not be sufficient to support an injunction.

We conclude that the trial court erred in granting the Authority's motion. We perceive no basis for a finding or conclusion that the injunction action was vexatious or commenced in bad faith. Nor do we agree that Dreibelbis "stubbornly persisted in pursuing" his injunction petition simply because the Authority answered his injunction complaint with an assertion that a legal remedy existed. The inference most favorable to the Authority is that Dreibelbis' counsel originally proceeded in error in the manner he prosecuted the issue of liability for connection fees; shortly after the Authority's answer was filed, the trial court dismissed the equity action. We do not think this is a situation to which section 2503 was meant to apply.

---

1. Our scope of review of a common pleas court decision is limited to a determination of whether the court abused its discretion or committed an error of law or whether constitutional rights were violated. *Long v. Thomas,* 152 Pa.Commonwealth Ct. 416, 619 A.2d 394 (1992), *petition for allowance of appeal denied,* 535 Pa. 641, 631 A.2d 1012 (1993).

Even if Dreibelbis incorrectly brought an injunction petition, he was nevertheless seeking to challenge the connection fees, which the Authority itself stated he had a right to do under 53 P.S. § 7182 and which, on the facts of this case, was not a challenge without foundation. We agree with Dreibelbis' arguments and hold that the assessment of fees and costs was not warranted under section 2503. Moreover, although the issue is not mentioned by the parties, we are at a loss to understand why the section 2503 motion—which was for bringing a purportedly vexatious injunction petition—was even considered when it was filed approximately five months after the injunction action was dismissed. Accordingly, we will reverse that part of the trial court's order granting counsel fees and costs.

## II. Waiver of Statutory Authority Issue

██ Both parties agree that, in stating that the sole legal issue in this case was retroactivity of the amended resolution, the trial court held Dreibelbis had waived arguing another legal issue. That other issue, which he attempts to pursue here, is whether there was a lack of statutory authority for the connection fees under the Municipality Authorities Act of 1945 (MAA).[2] Dreibelbis contends that the statutory authority issue under the MAA was not waived. He argues that the issue was raised before the trial court by both sides at various times in both actions: he alleged in his injunction complaint that the fees would be "illegal as an impact fee ... extorted ... in exchange for water"; the Authority discussed Section 4 of the MAA, 53 P.S. § 306, in its memorandum of law; the allegations in Dreibelbis' petition to strike the lien, when read together, raise the MAA issue; and, although no closing legal arguments were made at trial, both sides presented evidence on the issue and the Authority was not prejudiced. Moreover, Dreibelbis disagrees with the Authority that he had to file a motion for post-trial relief under Pa.R.C.P. No. 227.1, since he filed a direct appeal to this Court under subsection (g) thereof. See Shapiro v. Center Township, 159 Pa.Commonwealth Ct. 82, 632 A.2d

994 (1993), petition for allowance of appeal denied, 537 Pa. 635, 642 A.2d 488 (1994). He asserts that he could not file post-trial motions; he deposited over $4,000 with the trial court, filed his petition for resolution by de novo hearing and thus engaged in a statutory appeal.

The Authority contends the statutory authority issue was waived. It states that, following the non-jury trial on his petition, Dreibelbis did not file either a motion for post-trial relief as required by Pa.R.C.P. No. 227.1 or proposed findings of fact and conclusions of law. See McCormick v. Northeastern Bank of Pennsylvania, 522 Pa. 251, 561 A.2d 328 (1989). Further, the Authority notes that Dreibelbis' attorney agreed on the record that the legal issue in this case was limited to illegal retroactivity. The Authority also submits that the pleadings are not specific enough to have raised the MAA issue; Dreibelbis raised no statutory or constitutional issues therein.

We agree that the issue was and is properly considered waived. Dreibelbis raised an "illegal ... impact fee" issue in his injunction complaint, but, while some mention of 53 P.S. § 306 was made in both parties' briefs on the injunction petition, no mention was made of it in the petition itself. More important, that pleading and the briefs in the injunction action were not before the trial court in deciding the subsequent petition to strike the lien. In the petition to strike the lien, Dreibelbis again mentioned illegal impact fees while failing to cite 53 P.S. § 306. Next, Dreibelbis' attorney, Mr. Mitinger, stated at trial:

MR. MITINGER: Your Honor, if I could then, I'd like to make an opening statement.

THE COURT: Sure.

MR. MITINGER: I think the gist of what our argument will be today will be much more limited in scope perhaps than I think Mr. Green expects and basically the evidence from our standpoint of view will be that in January of 1990, in February of 1990 the authority had a resolution in effect which we will call the original resolution. In October we have certain things

---

**2.** Act of May 2, 1945, P.L. 382, as amended, 53 P.S. §§ 301–322.

that occurred where Mr. Dreibelbis asked for a letter of availability of water. He attended a meeting in November and the evidence will show that at the authority's meeting at that time it was stated by one of the members of the board of the water authority that their resolution did not cover Mr. Dreibelbis' situation and, thereafter, in December of 1990 they made an amended resolution intending to resolve any type of an imperfection in the original resolution and that's our position today and the scope of our testimony will be limited to the fact that they cannot retroactively come back and try to pull themselves up by their own bootstraps.

THE COURT: Mr. Green.

MR. GREEN: We certainly would agree to the limitation of the Petitioner's case. We're going to offer our exhibits when it's our case but we certainly would have no objection to that limitation in the scope of the Petition.

THE COURT: All right. Mr. Mitinger, you may proceed.

(Notes of Testimony, August 4, 1993, pp. 5–6). Thus, Dreibelbis expressly limited his legal argument to retroactivity, which we discuss below. He also does not direct us to any testimony or any other sources wherein the statutory authority issue was raised.

■ We agree with Dreibelbis that he engaged in a statutory appeal and thus was not required to file a motion for post-trial relief or to submit proposed findings of facts and conclusions of law. *See* Pa.R.C.P. No. 227.1(g); *Shapiro.*[3] Nevertheless, based on his arguments presented to the trial court on the petition to strike the lien, Dreibelbis simply did not adequately raise the legal issue of statutory authority before that court. Therefore, the issue is not before us in this appeal.

### III. Statutory Authority for Connection Fees

Dreibelbis argues that, assuming the issue is not waived, the Authority cannot under the MAA charge a connection fee for additional units owned by an existing water user. We need not address the issue, as we have determined that it is not before us.

### IV. The Original Resolution

Dreibelbis next contends that the original resolution of February 15, 1990 does not apply to his nine new units, and the Authority knew it—that is why it amended the resolution retroactively. The original resolution provided in pertinent part:

> A connection fee of a single payment required to be made by a property owner payable at the time that the water tap is activated to such new development in the amount of $660.00 per equivalent dwelling unit is hereby adopted, effective February 15, 1990.

Dreibelbis acknowledges that the original resolution imposed connection fees on "new development" but contends that his activity was not new development—it was an expansion, which is the subject of the amended resolution. The Authority disagrees, arguing that Dreibelbis' activity fell within the terms of the original resolution and Dreibelbis was aware the Authority considered that it did so.

■ Initially, we reject Dreibelbis' argument that, because there was an amendment to the resolution making it applicable to "new use" instead of "new development," [4] we should conclude that the Authority believed the original resolution did not cover Dreibelbis' actions. It may well be that the Authority recognized that Dreibelbis *might* possibly succeed in his argument and, therefore, the

---

3. The Authority's reliance on *McCormick* is obviously misplaced. The holding there is that, *following the submission of a case on stipulated facts* in a trespass action, no issues are preserved for appeal unless raised by a motion for post-trial relief. Further, as alluded to above, Dreibelbis' petition was filed under statute, *see* 53 P.S. § 7182, which provides the remedy at law the Authority itself asserted Dreibelbis had.

4. The amended resolution replaced the provision quoted above with the following provision:
   A connection fee of a single payment required to be made by a property owner, payable at the time that the water tap is activated to such new use or at such time an increase in demand is created by a new additional use from an existing service, in the amount of $660.00 per equivalent dwelling unit is hereby adopted, effective February 15, 1990.

Authority should exercise caution and make it clear to all that any new use was covered.

 The relevant question here is whether the original resolution in fact covered Dreibelbis' actions. The trial court found that Dreibelbis' nine new apartments constituted a "new development" for which a connection fee should be charged pursuant to the original resolution. We agree.

The court found that Dreibelbis' construction met the definition of "development" in the Ferguson Township Zoning Ordinance; his construction met the definition of "land development" and he is a "developer" under definitions in the MPC,[5] the Centre County Subdivision and Land Development Ordinance and the Ferguson Township Subdivision and Land Development Ordinance; and his activities met the dictionary definition of "activate[d]," which includes "to make more active." The court noted that the construction of nine new apartments nearly doubled the number of dwelling units at Johnson Terrace, and that Dreibelbis' action of connecting the new units to the water distribution system on site necessarily caused a substantially greater quantity of water to be drawn through the existing tap. Thus, the court held that the water tap was "activated" to "new development."

We conclude that the trial court reasonably and correctly determined that the original resolution was applicable to Dreibelbis' project and activity. Therefore, we will affirm the trial court's decision not to strike the lien for payment of connection fees on the nine new apartments.

## V. The Amended Resolution

Dreibelbis admits the amended resolution applies to him, but asserts it was a retroactive law applied after he invested time and money in the new construction. Because we agree with the trial court that the original

resolution validates the connection fee charged, resolving the retroactivity question will not alter the result in this case and, thus, we do not decide that question.

### Conclusion

Based on our foregoing discussion of the five questions presented, the trial court's order is reversed insofar as it grants the Authority's motion for counsel fees and costs and is affirmed in all other respects.

### ORDER

AND NOW, this 30th day of December, 1994, the order of the Court of Common Pleas of Centre County, in Nos. 1991–1461 and 1991–2995, dated March 25, 1994, is hereby reversed insofar as it grants the State College Borough Water Authority's motion to assess counsel fees and costs, and is affirmed in all other respects.

DOYLE, J., did not participate in the decision in this case.

---

5. The Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11201. The definition of "land development" in Section 107 of the MPC, 53 P.S. § 10107, includes "[t]he improvement of one lot ... for any purpose involving ... a group of two or more residential or nonresidential buildings, whether proposed initially or cumulatively ..."

The trial court cited the definition of "development" in section 1102 of the Ferguson Township Zoning Ordinance as "[a]ny man-made change to improved or unimproved real estate, including but not limited to buildings or other structures ... streets, and other paving, utilities, filling, grading, excavation ... or drilling operations."