# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maxatawny Township and                :
Maxatawny Township Municipal           :
Authority,                             :       Nos. 365 C.D. 2016
                                       :            366 C.D. 2016
              v.                       :            367 C.D. 2016
                                       :            368 C.D. 2016
Joseph A. Karaisz and Julie A.         :       Submitted: September 16, 2016
Karaisz,                               :
                    Appellants         :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                   **FILED: January 13, 2017**


These consolidated sewer connection matters return to us after remand to the Berks County Court of Common Pleas (trial court) to address the timing of connection of property owned by Joseph A. Karaisz and Julie A. Karaisz (Owners). Maxatawny Twp. v. Karaisz (Pa. Cmwlth., No. 68 C.D. 2015, filed September 25, 2015) (unreported) (Karaisz I). Maxatawny Township (Township) and the Maxatawny Township Municipal Authority (Authority) (collectively, Maxatawny) sought to compel sewer connection (Connection Actions), and also filed liens under the Municipal Claims and Tax Liens Act (MCTLA)[1] (Lien Actions). Owners contend the trial court did not comply with our remand, and it ignored subsequent binding authority. We affirm the trial court in part as to the Connection Actions, and we reluctantly vacate as to the Lien Actions. Further, to reduce further confusion,

---

[1] Act of May 16, 1923, P.L. 207, as amended, 53 P.S. §§7101-7505.

we sever the Connection Actions from the Lien Actions, and we declare that as to the Connection Actions (Commonwealth Court Docket Nos. 365 & 366 C.D. 2016), our order is intended to be a final order that is available for separate treatment or enforcement.

## I. Background

In the interest of brevity, we incorporate by reference the more-detailed background set forth in Karaisz I.  Owners possess property in Kutztown, Pennsylvania for which there are two parcels on the same deed, with separate tax identification numbers, and listed at two addresses, 15162 West Kutztown Road (15162 Tract) and 15164 West Kutztown Road (15164 Tract) (collectively, the Property).  All of the other 186 units within the sewer service area are connected.

Complicating the matter before us in the original appeal, the trial court did not confirm that Owners were required to connect *both* tracts to the sewer system pursuant to Ordinance No. 2011-3 (Connection Ordinance) when the laterals were located on the 15164 Tract.

Because the parties dispute whether the trial court complied with Karaisz I, construing the scope of our remand is crucial.

### A. Karaisz I

In Karaisz I, we affirmed the trial court's determination that Owners were required to connect their Property (both tracts) to the sewer system.

2

However, we determined more fact-finding was necessary as to the timing of connecting the 15162 Tract only. Specifically, this Court directed as follows:

> On this discrete point [timing], we remand for the trial court <u>to make further determinations as to **when** Owners must connect [the 15162 Tract]</u>. <u>Further determinations are required</u> because the fact-finder could find [1] that the Property consists of two tracts, [2] that both laterals were installed on the 15164 Tract, and [3] that no lateral has yet been installed on the 15162 Tract. <u>In such a circumstance</u>, immediate connection for the 15162 Tract may not be appropriate.

<u>See</u> <u>Karaisz I</u>, Slip Op. at 15-16 (emphasis added). Consequently, only the timing of connection "for further fact-finding in accordance with [<u>Karaisz I</u>]," was within the scope of our remand to the trial court. <u>See</u> Order, 9/25/15.

Regarding the Connection Actions,[2] other than the discrete point of timing, we affirmed the trial court, discerning no merit in Owners' defenses.

Regarding the Lien Actions,[3] we vacated the trial court's order denying Owners' petition to strike the liens over sewer fees, without prejudice. We explained Owners' petition did not comport with the exclusive process for challenging liens within the MCTLA. In addition, we noted that the trial court's resolution on remand may offer additional defenses to "some of the municipal claims on which the liens are based." <u>Karaisz I</u> at 20.

---

[2] The Connection Actions are docketed at Berks County Docket Nos. 13-04827 and 13-04828, and Commonwealth Court Docket Nos. 365 & 366 C.D. 2016.

[3] The Lien Actions are docketed at Berks County Docket Nos. 13-16526 and 13-16527, and Commonwealth Court Docket Nos. 367 & 368 C.D. 2016.

3

## B. Trial Court Proceeding

After attempting to facilitate settlement discussions without success, on February 1, 2016, the trial court held a hearing as to the timing of connection for the 15162 Tract. Owners presented the testimony of the Kutztown Borough Manager to support their argument that connection was infeasible based on insufficient capacity. They otherwise relied on the record from the initial hearing. Maxatawny presented testimony of Christopher Falencki, the design engineer and inspector for the sewer project (Engineer), and Justin Yaich, the Township Manager, both of whom testified at the initial hearing.

Ultimately, the trial court issued four identical orders pertaining to the four docketed matters (two Connection Actions and two Lien Actions). In full, the trial court ordered as follows:

1. [Owners] shall connect the 15162 Tract to the sewer system within thirty (30) days of this Order;

2. If the unit on the 15164 Tract is not already connected, [Owners] shall connect the 15164 Tract to the sewer system within thirty (30) days of this Order;

3. All connections shall be done at the expense of [Owners];

4. At the time of connection of each Tract, [Owners] shall pay the prevailing connection fee to Maxatawny;

5. [Maxatawny] shall provide [Owners] with a statement of any and all outstanding fees and invoices within [30] days of this Order;

6. [Owner] shall pay Maxatawny any and all outstanding fees and invoices within thirty days of this Order; and[,]

4

7. After payment of the outstanding fees and invoices identified in this Order, Maxatawny shall send all future invoices to [Owners] in the normal course of business.

Tr. Ct. Order, 2/10/16. In identical notices of appeal, Owners appealed all four orders to this Court.

In their concise statement of errors complained of on appeal, Owners asserted the trial court did not follow our directives in Karaisz I as to the Connection Actions. They also argued the trial court improperly decided the Lien Actions without regard to the exclusive procedure set forth in the MCTLA. In addition, Owners contended the trial court ignored subsequent binding authority. See Maxatawny Twp. v. Dep't of Envtl. Prot. (Pa. Cmwlth., No. 2369 C.D. 2014, filed October 16, 2015) (unreported) (DEP Opinion).

The trial court issued its Pa. R.A.P. 1925(a) opinion, stating Owners sought relief beyond the scope of our remand. Therein, the court accurately specified the factual matters before it. As to the Connection Actions, the trial court reasoned that after a hearing "it is clear to this Court that there is no impediment to an immediate connection of [Owners'] property to the sewer system." Tr. Ct., Slip Op., 5/20/16 at 7. The trial court did not address Owners' claim regarding the applicability of the DEP Opinion, or how its order affected the Lien Actions.

After they appealed, Maxatawny filed a petition for contempt, which the trial court is holding in abeyance pending these appeals.

5

This Court consolidated the four appeals, with 365 C.D. 2016 as the lead appeal. The appeals are now ready for disposition.

## II. Discussion

On appeal,[4] Owners assign error in that the trial court: (1) did not consider the DEP Opinion; and, (2) did not follow Karaisz I. Owners assert the DEP Opinion constitutes subsequent "binding [a]ppellate authority" that impacts the timing of connection. Appellants' Br. at 4. Also, Owners claim the trial court did not make the requisite findings as we directed in Karaisz I, and it neglected to consider our reasoning about the Lien Actions.

## A. DEP Opinion

In October 2015, this Court issued an unreported opinion involving DEP's approval of a development plan without a certification substantiating a sewer line's existing capacity. The Township appealed the Environmental Hearing Board's (EHB) order sustaining the appeal of Kutztown Borough, the permittee, and determining that the Township was not entitled to an exemption from a sewage planning module because there was no qualifying "written certification" of capacity. Although the case involved sewer connections tangentially, and the Township was a party, neither our holding nor our reasoning informs our disposition here.

---

[4] Our review in municipal lien cases is limited to determining whether the trial court abused its discretion, committed an error of law and/or whether constitutional rights were violated. Dreibelbis v. State College Borough Water Auth., 654 A.2d 52 (Pa. Cmwlth. 1994). As to mandatory connection, this Court reviews the legality of authorization de novo, and our scope of review is plenary. Perano v. ORD Sewer Auth., 47 A.3d 210 (Pa. Cmwlth. 2012).

6

The DEP Opinion answered the narrow question of the meaning of a "written certification" under 25 Pa. Code §71.51(b)(2). We affirmed the EHB's construction of the term to require verification of certain facts by certain officials. We agreed with the EHB that the regulation required more than a mere writing, and the engineer's letter did not suffice. As a result, the Township did not qualify for an exemption.

Owners contend the DEP Opinion held there was insufficient capacity, and on that basis, held the Township did not warrant an exemption. However, as we emphasized in the DEP Opinion, the actual existence of capacity was not before this Court. We reasoned "[t]he EHB did not err in disregarding evidence of alleged capacity." DEP Op. at 22. Further, we did not decide that Kutztown Borough had to approve additional sewer connections.

Contrary to Owners' depiction, the DEP Opinion does not suggest there is insufficient capacity to sustain an additional connection, of either the 15162 Tract or the 15164 Tract. The capacity dispute between Kutztown Borough and the Township underlying the DEP Opinion has no bearing on Owners' duty to connect under the Connection Ordinance.

In sum, the DEP Opinion is not germane to whether Owners have a current duty to connect to the sewer system, and so are responsible for paying related fees and charges. Thus, the trial court did not err in failing to consider it.

7

**B. Directions on Remand**

As to following our directives on remand, Owners contend the trial court erred in: (1) not addressing the lack of a lateral on the 15162 Tract; (2) disregarding that installation of laterals on the 15164 Tract was not proper under Blair Township Water & Sewer Authority v. Hansen, 802 A.2d 1284 (Pa. Cmwlth. 2002); and, (3) deciding the Lien Actions without proper notice.

Where a case is remanded for a specific and limited purpose, "issues not encompassed within the remand order" may not be decided on remand. In re Indep. Sch. Dist. Consisting of Borough of Wheatland, 912 A.2d 903, 908 (Pa. Cmwlth. 2006). Therefore, the trial court lacks authority to consider other issues, regardless of whether they were raised in the initial proceeding.

In Karaisz I, we affirmed the trial court's conclusion that Owners were required to connect the Property to the sewer lines. Only the *timing* of connection as to the 15162 Tract remained unresolved because there was a concern whether immediate connection was appropriate. We upheld the trial court's order directing immediate connection of the 15164 Tract. Having decided Owners had an immediate duty to connect the 15164 Tract, challenges to connecting that tract are outside the scope of our remand.

**1. Location of Lateral for 15162 Tract**

First, Owners assert the trial court did not comply with Karaisz I because it did not consider that the 15162 Tract lacked a lateral for connection. In

support, Owners emphasize that the record clearly demonstrates that there are two laterals, both of which are located on the 15164 Tract.

Although Owners suggest there must be a lateral located <u>on</u> the 15162 Tract in order to connect that tract to the sewer system, Owners cite no basis for that requirement. Rather, Owners allude to correspondence in which Maxatawny noted each tract needed its own lateral because a "shared line may be the basis for future disputes." Appellants' Br. at 10 (citing Reproduced Record (R.R.) at 39a).

However, we discern nothing in the Connection Ordinance that requires the lateral devoted to the 15162 Tract to be located on that tract. To the contrary, the Connection Ordinance mandates connection based either on the 150 feet rule or adjacency, and neither method requires connection based on the presence of a lateral on the tract to be served.

Our decision in <u>Karaisz I</u> afforded the trial court the discretion to create a record as to the timing of connecting the 15162 Tract. Based on the post-remand hearing, the trial court explicitly found there was no impediment to connecting the 15162 Tract through a dedicated lateral on the 15164 Tract. The trial court quoted Engineer's testimony regarding the location of the two laterals, before finding "it is clear there are laterals where the two structures may be connected." Tr. Ct., Slip Op., at 7. From the initial hearing, it is clear that the two structures referenced are located on the two tracts, so that there is one lateral for each structure.

9

Owners cite no authority requiring that the lateral dedicated to the 15162 Tract be located on that tract. Engineer's testimony on remand, paired with the evidence from the initial hearing, supports the trial court's finding that there is no impediment to immediate connection of the 15162 Tract. R.R. at 43a. Significantly, Owners acknowledged that the location of the lateral for 15162 Tract on their 15164 Tract did not present any impediment to connection. Appellants' Br. at 21. Finding no impediment to connection, the trial court ordered connection within 30 days.

As we discern no abuse of discretion, we affirm the trial court's order as to mandating connection within 30 days, and paying the cost of connection.

## 2. Blair Township

Next, Owners argue that Blair Township applies here because Maxatawny placed the laterals on the 15164 Tract without permission. Specifically, Owners assert that the record shows the laterals are not within the construction easement; therefore, Maxatawny's installation of the laterals amounted to trespass and a taking of property. We disagree that Blair Township pertains to this proceeding, for two reasons.

First, Owners' argument is outside the scope of the limited remand. The remand did not implicate Owners' alleged trespass claims or illegal placement of the laterals. Karaisz I only questioned whether there were legal or factual reasons for delaying the onset of Owners' duty to connect the 15162 Tract.

10

Second, Owners attempt to relitigate a claim they raised *unsuccessfully* in their initial appeal. Indeed, in <u>Karaisz I</u> we expressly rejected Owners' argument that the installation of the laterals constituted a taking. <u>See</u> <u>Karaisz I</u>, Slip Op. at 15 n.6. Because the argument lacked merit, we addressed it briefly. We now further elaborate on the reasons <u>Blair Township</u> does not apply to these circumstances.

Unlike the current cases, <u>Blair Township</u> arose in the context of an eminent domain proceeding. There, the township filed a sewer lien on the owners' property based on a mandate to connect for any residences within 150 feet of a lateral. The parties stipulated to the material facts, including that the township entered the owners' land to extend a lateral without any easement or consent. That lateral, placed without the owners' permission, was the only reason that the owners' residence was within the 150 feet required by the ordinance to mandate connection. In other words, but for the township's trespass to place the lateral on the owners' property, there was no mandate to connect because the property would not qualify under the ordinance. Also, the owners utilized the affidavit of defense mechanism to challenge the lien for tap-in fees, charged as a result of the township's trespass. The trial court upheld the liens, holding the owners' remedy was under the former Eminent Domain Code (Code)[5] for the alleged taking of property.

In <u>Blair Township</u>, we vacated the trial court's order, reasoning the owners were entitled to sue in equity to challenge the propriety of the initial taking,

---

[5] Section 515 of the Act of June 22, 1964, Special Sess., P.L. 84, <u>as</u> <u>amended</u>, 26 P.S. §1-515, <u>repealed</u> <u>by</u> Section 5(2) of the Act of May 4, 2006, P.L. 112.

i.e., placing the lateral on their property. The owners had the right to force the township to initiate condemnation proceedings, in which they could request removal of the construction and restoration of their property. We explained that an assessment of damages by an appointment of viewers was not an adequate remedy when the owners would prefer restoration. We held the trial court erred in limiting the owners' options to those under the Code when equity was available.

Here, the facts are dissimilar. The placement of the laterals is not the means by which Owners are required to connect. In Karaisz I, we held it was unnecessary for the trial court to mandate connection based on the 150 foot threshold of the Connection Ordinance; rather, it was clear from the facts of record, as submitted by *both* parties, that the Property was adjacent to the sewer main, and the Property should be connected on that basis. Thus, Owners were required to connect Tract 15162 based on its adjacency.

Further, there is no valid claim of a *de facto* taking here, nor was there in the initial appeal. Moreover, in Karaisz I, we upheld the trial court's order requiring connection of the 15164 Tract, and the timing of that connection. We upheld the trial court's conclusion that Maxatawny's actions in compelling connection were authorized, and we held Owners had a duty to connect under the Connection Ordinance. We rejected Owners' claims that rock made connection infeasible. Despite our order affirming the trial court more than a year ago, Owners failed to connect the 15164 Tract for which a dedicated lateral was not disputed.

12

Because the alleged illegality of the placement of the laterals was not within the scope of our remand, the trial court did not err when it did not address it on remand.

### 3. Lien Actions

In the Lien Actions, the record is clear that Maxatawny filed liens in July 2013 under the MCTLA, one pertaining to each tract. As to the 15162 Tract (dkt. no. 13-16526), the lien is $10,168.00, comprised of the delinquent balance, with penalties, interest, costs, expenses and fees (including attorney fees) as well as the filing fee for the lien claim. As to the 15164 Tract (dkt. No. 13-16527), the lien is $11,308.00, comprised of the delinquent balance, with penalties, interest, costs, expenses and fees (including attorney fees) as well as the filing fee for the lien claim. Additional penalties, interest and costs have accrued since their filing.

The record reflects Owners received notice of the municipal claims in May 2013, and of the liens in July 2013. See Certified Record (C.R.) (No. 13-16526) at Item No. 1; C.R. (No. 13-16527) at Item No. 1. Owners disregarded the statutory procedure, and instead filed a petition to strike the liens. The trial court denied Owners' petition to strike, which Owners appealed.

In Karaisz I, we vacated without prejudice that part of the trial court's order denying Owners' petition to strike the liens. We did so for two reasons: (1) to allow Owners to employ the statutory procedure under the MCTLA; and, (2) to allow Owners to raise defenses as to the lien on the 15162 Tract depending on the trial court's determination as to the onset of their duty to connect.

13

As explained in Karaisz I, Owners should have availed themselves of a *scire facias* action under the MCTLA, which would afford them an opportunity to present a defense. Section 16 of the MCTLA, 53 P.S. §7184. From our review of the dockets in the Lien Actions, Owners did not request Maxatawny to issue a *scire facias*. Nor did Maxatawny file a *scire facias* on its own, or reduce the liens to a judgment. N. Coventry Twp. v. Tripodi, 64 A.3d 1128 (Pa. Cmwlth. 2013). Therefore, the municipal liens on the Property await the parties' action.

Nonetheless, the trial court ordered Owners to pay amounts comprised in the liens. In so doing, Owners assert the trial court erred because they lacked notice or the opportunity to challenge the liens under the MCTLA. We agree that challenges to the liens have not proceeded under the statutory procedures.

The MCTLA offers an exclusive statutory process for collecting on or challenging municipal liens. City of Phila. v. Manu, 76 A.3d 601 (Pa. Cmwlth. 2013). As such, Owners are entitled to challenge the liens through the affidavit of defense process. Roethlein v. Portnoff Law Assoc., Ltd., 81 A.3d 816 (Pa. 2013).

At the time of our decision in Karaisz I, it was unclear whether Owners had a current duty to connect the 15162 Tract. The lien on the 15162 Tract was predicated on such a current duty. As there was some question as to when Owners would be required to connect the 15162 Tract, the trial court's resolution on remand may have led to additional defenses.

14

However, any additional defenses must be raised through the MCTLA. Accordingly, the trial court erred in directing payments corresponding to the liens without requiring adherence to the MCTLA.[6] Because an order directing payment of the liens is premature at this stage,[7] we reluctantly vacate that part of the trial court's order.

### III. Conclusion

For the foregoing reasons, we affirm the trial court in part as to requiring connection and payment of related connection fees within 30 days. However, the exclusivity of the MCTLA precludes an order directing payment of amounts comprised in the liens at this time; therefore, we vacate those paragraphs of the trial court's order (paragraph Nos. 5, 6 and 7), directing payments corresponding to the liens.

Part of the confusion regarding these cases has been the simultaneous handling of disparate actions. Accordingly, we sever the Connection Actions (Commonwealth Court Docket Nos. 365 & 366 C.D. 2016), from the Lien Actions (Commonwealth Court Docket Nos. 367 & 368 C.D. 2016). By affirming that part of the trial court's identical orders relating to the now-separate Connection

---

[6] As to notice, the trial court directed Maxatawny to issue a statement of the amounts due to Owners within 30 days; yet, Owners are contemporaneously directed to make payment to Maxatawny within 30 days. Because the timeline for the statement and the payment are not expressly staggered, the trial court's identical orders do not clearly afford Owners opportunity to challenge the statement.

[7] We recognize Maxatawny has filed other liens, some of which are reduced to judgment; this decision does not impair the existence of any liens other than those in the Lien Actions.

15

Actions, we intend that our affirmance is final. The now-separate Lien Actions are remanded to the trial court for consideration under the MCTLA procedures.

ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maxatawny Township and                    :
Maxatawny Township Municipal              :
Authority,                                 :    Nos. 365 C.D. 2016
                                           :         366 C.D. 2016
                    v.                      :         367 C.D. 2016
                                           :         368 C.D. 2016
Joseph A. Karaisz and Julie A.            :
Karaisz,                                    :
                    Appellants              :

## O R D E R

**AND NOW**, this 13th day of January, 2017, the identical orders of the Berks County Court of Common Pleas (trial court) are **AFFIRMED IN PART** as to paragraphs 1, 2, 3 and 4, which paragraphs pertain to cases filed in the trial court at docket nos. 13-04827 and 13-04828 (Commonwealth Court Docket Nos. 365 & 366 C.D. Nos. 2016) (Connection Actions); and

**VACATED IN PART** as to paragraphs 5, 6 and 7 of the identical trial court orders, that refer to unspecified fees and invoices implicating the liens filed in the trial court at docket nos. 13-16526 and 13-16527 (Commonwealth Court Docket Nos. 367 & 368 C.D. 2016) (Lien Actions); and

**FURTHER**, in order to reduce future confusion, and in recognition of the specific statutory procedures that apply only to the Lien Actions, the Connection Actions are **SEVERED** from the Lien Actions, and that part of this Order affirming the trial court in relation to the Connection Actions is declared to be a final order, available for separate treatment and enforcement; and

**FURTHER**, the Lien Actions are **REMANDED** to the trial court for additional proceedings consistent with the foregoing opinion; during remand, the parties are directed to proceed in accordance with the Municipal Claims and Tax Liens Act[8] to address the liens; jurisdiction over the Lien Actions is relinquished.

_____
ROBERT SIMPSON, Judge

---

[8] Act of May 16, 1923, P.L. 207, as amended, 53 P.S. §§7101-7505.